JOHN RAVEN, Respondent, v. WILLIAM R. SMITH, Appellant.

MECHANIC'S LIEN — JURISDICTION OF COUNTY COURT — RESIDENCE OF
DEFENDANT.   A County Court has jurisdiction (within the general limita-
tion as to amount) in an action to foreclose a mechanic's lien under the
statute (Laws of 1885, chap. 342), where the property is situated in the
county, although the defendant does not reside therein.

    Reported below, 76 Hun, 60.

    (Argued January 27, 1896; decided February 18, 1896.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, entered February
26, 1894, which affirmed an order of the County Court of
Westchester county denying a motion by defendant to set
aside the judgment of the County Court in the action.

    This action was brought to foreclose a mechanic's lien.

    The facts, so far as material, are stated in the opinion.

    *James R. Bowen* for appellant.   The judgment was void,
because the County Court did not have jurisdiction of the per-
son of the defendant.   (*Frees* v. *Ford*, 6 N. Y. 176; *Davids-
burgh* v. *K. L. Ins. Co.*, 90 N. Y. 526 ; Code Civ. Pro. § 340;
Birdseye's N. Y. R. S. 638, § 80 ; Birdseye's N. Y. R. S. 1915,
§ 21; Birdseye's N. Y. R. S. 1913, § 17; Birdseye's N. Y.
R. S. 1919 ; Birdseye's N. Y. R. S. 1621, § 45; Birdseye's N.
Y. R. S. 1923, § 54.)   The judgment was void, because the
County Court had no jurisdiction of the subject-matter.
(*Risley* v. *P. Bank*, 83 N. Y. 318.)   The motion to vacate was
the proper remedy.   (*Kamp* v. *Kamp*, 59 N. Y. 212.)

    *Arthur J. Burns* for respondent.   The affirmance of the
judgment by the General Term was finally decisive of every
question in the case, and was not appealable. (Code Civ.
Pro. § 191; *Norris* v. *Nesbit*, 123 N. Y. 650 ; *A. H. T. C.
Co.* v. *Doyle*, 133 N. Y. 603, 604; *Pickett* v. *Gollner*, 119
N. Y. 643 ; *Wheeler* v. *Scofield*, 67 N. Y. 311.)   The County
Court of Westchester county had jurisdiction of the action,

irrespective of the place of residence of the defendant, because the land affected by the lien was situated in that county. (Laws of 1885, chap. 342, §§ 7, 8, 25 ; *Kenney* v. *Apgar*, 93 N. Y. 545 ; *Randolph* v. *Leary*, 3 E. D. Smith, 637 ; Const. N. Y. art. 6, § 15 ; *Arnold* v. *Rees*, 18 N. Y. 57 ; *Hawley* v. *Whalen*, 64 Hun, 552 ; *Peck* v. *Dickey*, 5 Misc. Rep. 95 ; *Brown* v. *Snell*, 57 N. Y. 286 ; *Adams* v. *Ash*, 46 Hun, 105 ; *Sweet* v. *Flanagan*, 61 How. Pr. 327 ; *Raven* v. *Smith*, 71 Hun, 197 ; Code Civ. Pro. § 348.) The order appealed from was discretionary, affects no substantial right, no appeal lies therefrom to this court, and the appeal should be dismissed. (*Foote* v. *Lathrop*, 41 N. Y. 358, 361 ; *Schaettler* v. *Gardiner*, 47 N. Y. 404 ; *People ex rel.* v. *Brown*, 103 N. Y. 684 ; *Greenleaf* v. *Brooklyn, etc., R. R.*, 102 N. Y. 96 ; Code Civ. Pro. § 190.)

O'BRIEN, J. The notice of appeal in this case includes various orders made by the County Court in the action after judgment and after affirmance in the Supreme Court and one or two orders made in the latter court. None of these orders are appealable to this court so far as they involved questions depending upon discretion and all of them do except the order made upon the plaintiff's application to set aside the judgment on the ground that the County Court had no jurisdiction of the action. Assuming that this is an order affecting a substantial right made upon a summary application in an action, after judgment, it would be reviewable here. The question presented is whether a County Court has jurisdiction in an action to foreclose a mechanic's lien where the property is situated in the county, but the defendant does not reside therein. There is no doubt with respect to the power of the legislature to confer jurisdiction in such a case upon that court. The general jurisdiction of that court is defined in section 340 of the Code of Civil Procedure, and where its jurisdiction extends to other counties its process or mandates may issue to that county and be enforced. This section, however, does not specify all the cases over which the court has

jurisdiction. It only defines the powers to be exercised in numerous specified cases in addition to that conferred by special statutes.

For the jurisdiction in actions to foreclose mechanics' liens we must look to the statutes regulating that general subject. In this action there was no allegation in the complaint with respect to the residence of the parties or any of them. It is alleged that the real estate affected by the lien was situated in the county of Westchester and the claim that the plaintiff sought to enforce is stated at $247.54. It is found, however, as a fact, that at the time of the commencement of the action the defendant was not a resident of that county where the trial was had and the judgment entered. It will be seen from an examination of § 340, above referred to, that residence, as a foundation for jurisdiction, is not required in all cases, but applies to a single subdivision.

The jurisdiction over actions to foreclose mechanics' liens is given by section seven of the Laws of 1885 (Chapter 342), which regulates the whole subject of mechanics' liens in the several counties of the state. The section referred to provides that when a lien has attached in favor of a party by compliance with the several sections prescribing the necessary steps to be taken for that purpose, the claimant may enforce it " by a civil action in a court of record in the city or county where the property is situated, which would have jurisdiction to render a judgment in an action founded upon a contract, for a sum equal to the amount of the lien."

By the fifteenth section of the act the claimant, failing for any reason to establish a valid lien, may, nevertheless, recover judgment against the party or parties to the action for such sum or sums as may appear to be due to him, and which he might recover in an action upon a contract against the said party or parties. The defendant's contention is that since he was not a resident of the county a common-law action against him by the plaintiff for the recovery of money would not lie in the County Court, for want of jurisdiction in that court to entertain it. But the fact that the court would be without

jurisdiction to entertain an action between the parties for the recovery of a money judgment is not the test of jurisdiction to foreclose a lien for the same amount. The statute contains no limitation upon the jurisdiction arising from the residence of the defendant. It requires only that the land shall be situated within the county, and that the amount of the lien shall not exceed the sum for which the court may render judgment in actions on contracts generally. It does not refer to actions on contract between the same parties, and it avoids all mention of the residence of either party. In a broad sense the County Court has jurisdiction of certain actions on contract without regard to the residence of the defendant, as will be seen by § 340 of the Code, though not in common-law actions for the recovery of money only. In granting the jurisdiction the legislature did not have in mind, when speaking of actions on contract, those actions where the jurisdiction depends on the defendant's residence. An action to enforce a mechanic's lien is a proceeding in equity, and, in order to subserve the purpose of the statute, the court in which the action is brought must acquire jurisdiction of all parties who have subsequent liens upon the land, irrespective of their place of residence. It will be seen that the provisions for the service of process in such cases from inferior courts in all parts of the state, and by substituted service when a defendant cannot be found, contemplated the exercise of jurisdiction to enforce the lien without regard to the residence of the defendant when the other limitations as to amount and the location of the property were satisfied. It could not have been intended to confer jurisdiction in such cases upon local courts of record in a city or county, restricting it at the same time to cases where all the parties defendant resided within the city or county. Such a limitation would defeat the purpose of the law in many cases where parties necessary to complete relief resided without the city or the county. In conferring equitable powers upon inferior courts in such cases it is obvious, from all the provisions of the statute, that it was not intended to place any limitation upon the jurisdiction on account of the residence

of any of the parties, but only as to the amount of the claim and the location of the real property to which the lien had attached. From the nature of the jurisdiction conferred in general terms it must be held that all other incidental powers necessary to its complete execution were intended to accompany it, and unless the courts referred to could acquire jurisdiction by their process over parties residing outside the city or county, they would be shorn of their usefulness to a great extent in the administration of the statute. The statute does not in terms limit the jurisdiction to cases where the defendants reside within the city or county, and the courts ought not to do it when it can be seen from an examination of all the provisions that such was not the intention. With respect to the jurisdiction there is no analogy between cases in equity under this statute and those arising at common law under the section of the Code above referred to.

By the Laws of 1880 (Ch. 440, § 5) jurisdiction is conferred upon the County Court in cases for the enforcement of liens upon oil and gas wells when the amount of the claim exceeds $50, without regard to the residence of the defendants. With this statute in force it is difficult to suppose that the legislature intended, when empowering County Courts to administer the general law, to restrict their powers and jurisdiction in a manner which was not thought to be useful or important in a special statute of the same general character.

We are, therefore, of opinion that the County Court had jurisdiction in this case and that the order should be affirmed, with costs.

All concur.

Order affirmed.