(29 Misc. Rep. 139.)

### McCONOLOGUE v. McCAFFREY.

(Supreme Court, Appellate Term. October 4, 1899.)

NEW YORK MUNICIPAL COURT—EQUITY JURISDICTION—MECHANIC'S LIEN—FORE-CLOSURE.

Const. art. 6, § 18, prohibits the legislature from conferring on any inferior or local court of its creation any equity jurisdiction, and Greater New York charter, subsequently enacted (section 1351), declares that district courts of New York City shall be continued, consolidated, and reorganized, under the name of "The Municipal Court of the City of New York." *Held*, that since the municipal court, so created, was a new court, within the constitutional prohibition, it had no equity powers, and hence no jurisdiction to entertain a suit for the foreclosure of a mechanic's lien.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Charles V. McConologue, Jr., against Peter McCaffrey. From a judgment in favor of defendant dismissing the complaint on the merits, plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

D. J. M. O'Callaghan, for appellant.
Martin & Weil (Arnold Weil, of counsel), for respondent.

LEVENTRITT, J. We reluctantly reach the conclusion in this case that the municipal court of the city of New York has no jurisdiction to entertain an action for the foreclosure of a mechanic's lien. It is a matter of regret that our local inferior court, established primarily to afford speedy justice to the great mass of the people, should have its usefulness seriously impaired, partly by constitutional restriction, and partly by legislative enactment. It is beyond our power to correct the law, however much we may recognize the need and advisability. Our function ends with its interpretation.

It is often urged upon our attention that the former district courts in the city of New York enjoyed and exercised jurisdiction which is denied the municipal court. This is quite true, but the result is due to the fact that the legislature, pursuant to the general scheme of consolidation that gave birth to the Greater City of New York, created an entirely new inferior local court, whose

powers were necessarily restricted by the then recently adopted constitution. The constitution (article 6, § 18) provides: "The legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article." The constitution was in force January 1, 1895. Thereafter the Greater New York charter, enacted by Laws 1897, c. 378, became a law on May 4, 1897. Its provisions, therefore, in so far as it created inferior and local courts, must be interpreted according to the limitations imposed by the constitution. The present municipal court owes its existence to section 1351 of the charter, whereby the district courts of the city of New York, and the justice's courts of the First, Second, and Third districts of the city of Brooklyn, were "continued, consolidated, and reorganized under the name of 'The Municipal Court of the City of New York.'" The question whether this section created a new inferior local court, or merely contemplated a continuance of the old courts, has received judicial construction in Re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34. In an opinion, which is controlling, the court say:

"The municipal court is a new court, entirely distinct and different from any of the former courts, since it has other and greater powers and jurisdiction, and its justices have greater authority than was possessed by all of the former courts combined. The legislature, by virtue of article 6, §§ 17, 18, of the constitution, had power to create such a new court, provided it was made a local inferior court not of record. This we hold to be the character of the municipal court." 33 App. Div. 531, 532, 54 N. Y. Supp. 39.

Being a new court, the restrictions of section 18, art. 6, of the constitution, apply; and the result follows that, while the legislature acted within its power in conferring in certain instances a larger measure of jurisdiction on the municipal court than on its predecessors, it transgressed its power in others (Rieser v. Parker, 27 Misc. Rep. 205, 57 N. Y. Supp. 745; Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319; Phillip Semmer Glass Co. v. Nassau Show-Case Co., 28 Misc. Rep. 577, 59 N. Y. Supp. 530); and, more especially, so far as this case is concerned, in continuing any equity jurisdiction previously vesting in the district courts. The language of the constitution admits of but one construction. An inferior local court of the legislature's creation shall not have "any equity jurisdiction." The question for determination in this case, therefore, is, does the power to entertain an action for the foreclosure of a mechanic's lien involve the exercise of equity jurisdiction? We think that it does. By the overwhelming weight of authority in this country, the remedy to enforce a mechanic's lien lies in equity. Boisot, Mech. Liens, § 508, and cases cited. The United States supreme court, in the case of Davis v. Alvord, 94 U. S. 545, has defined it as "essentially a suit in equity." In Henderson v. Sturgis, 1 Daly, 336, Daly, J., writing for the court, says: "The foreclosure of a lien contemplated by the statute is an equitable proceeding, in which the powers of the court as a court of equity are peculiarly invoked to mold the remedy to suit the circumstances of each case." In Doughty v. Devlin, 1 E. D. Smith, 625, it is said:

"In administering this law [the mechanic's lien law] we are acting peculiarly as a court of equity. The statute itself is ostensibly founded in equity." Id., at page 644. To the same effect are Miller v. Moore, 1 E. D. Smith, 739, and Raven v. Smith, 148 N. Y. 415, 43 N. E. 63; while in Kenney v. Apgar, 93 N. Y. 539, the court of appeals recognized and applied the remedy as involving equity jurisdiction. Under these authorities, and under the constitutional limitation imposed on the power of the legislature in creating the new local inferior court whence this appeal comes, we are constrained to hold that the provisions of the Greater New York charter, conferring upon the municipal court the right to entertain an action for the foreclosure of a mechanic's lien, are unconstitutional and void. The judgment on the merits was therefore erroneous.

Judgment for defendant modified by directing a dismissal of the complaint for want of jurisdiction, instead of on the merits, and as modified affirmed, without costs to either party.

FREEDMAN, P. J., concurs.

MacLEAN, J. This action, being one to enforce a mechanic's lien, is a proceeding in equity (Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3; Raven v. Smith, 148 N. Y. 415, 418, 43 N. E. 63), and so not maintainable in the municipal court of the city of New York, under the constitution (article 6, § 18), because not within the jurisdiction conferrable upon a new inferior local court, such as is the municipal court (In re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34). The judgment should be reversed, with costs to the appellant.