(29 Misc. Rep. 630.)

### McMANN et al. v. MEEHAN.

(Supreme Court, Appellate Term. November 29, 1899.)

CLAIM FOR WORK—ASSIGNMENT—ACTION BY ASSIGNEE—SET-OFF.
In an action on an assignment of what may be due from defendant on a contract for work performed by the assignor for defendant, any legal set-offs which defendant had after the contract had been performed should have been allowed.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Henry W. McMann and another against James F. Meehan. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Langbein Bros. & Langbein, for appellant.
Phillips & Avery, for respondents.

FREEDMAN, P. J. This action was brought to recover the amount of an order drawn by one Frank C. Fay in favor of the plaintiffs upon the defendant for the sum of $410, and upon an assignment to plaintiffs of that sum. Fay made a contract with the defendant to put a steam-heating plant into his premises, and the order given to the plaintiffs was payable out of the moneys claimed by Fay to be due him upon that contract, and for the additional sum of $50, extra services done and materials furnished in connection therewith. The order was given February 17, 1899, and was filed and docketed by the plaintiffs as a lien upon the defendant's building then being completed, and notice thereof given the defendant, on February 21, 1899. The pleadings were oral, but the entry in the record and the bill of particulars furnished by the plaintiffs show that the action was brought for the recovery of a money judgment only. There is no evidence that the defendant accepted the order unconditionally. At the time the order was presented to him for payment, he said that there was a difference between himself and Fay as to the amount due Fay, and that he (defendant) did not owe Fay "that much." Under the terms of the

contract Fay was to furnish all the materials and perform all the work thereunder. The order in question was not given the plaintiffs for materials furnished or labor performed under the contract, but for a debt due the plaintiffs for goods sold to Fay, and used by him upon another job. The plaintiffs had a judgment for the full amount of their order, and this although there was undisputed testimony to the effect that the defendant had paid for materials furnished and labor done in carrying out the contract, prior as well as subsequent to the date of the order, which materials and labor were necessary to the complete performance of the contract, and which materials had been purchased and labor employed by the defendant owing to the inability of Fay to obtain such by reason of lack of credit; the value of which, if allowed to the defendant, would have reduced the recovery to much less than the amount of the order. If the action had been brought to foreclose the order as a lien upon the defendant's premises, the municipal court, not being a court vested with equity powers, would have had no jurisdiction of the action. McConologue v. McCaffrey (Sup.) 60 N. Y. Supp. 279. In the form in which the action was brought, and under the facts and circumstances disclosed by the testimony, there is nothing to show that the giving of the order by Fay to the plaintiffs was anything more than the mere assignment to them of whatever sum might be due Fay from the defendant after deducting from the contract price any legal offset that the defendant might have against Fay after the terms of the contract had been performed. This not having been allowed by the trial court, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.