### SMITH v. SILSBE et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

MUNICIPAL COURTS—MECHANIC'S LIEN—ACTIONS—JURISDICTION.

    The municipal court of the city of New York is an inferior court, created by Laws 1897, c. 378, and has no jurisdiction of an action under the mechanic's lien law, notwithstanding only a money judgment is rendered herein, since Const. art. 6, § 18, forbids the legislature from conferring any equity jurisdiction on any inferior or local court.

Appeal from municipal court, borough of Brooklyn, Fifth district.
    Action by Alfred A. Smith against Richard Silsbe, Jr., and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.
    Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Robert H. Wilson, for appellants.
Marcus B. Campbell, for respondent.

HIRSCHBERG, J. The action is brought by a subcontractor for the foreclosure of a mechanic's lien against the contractor and owner and the sureties on a bond given to discharge the lien. The contractor made default, and the judgment appealed from is a money judgment only, rendered against the owner and the sureties. In Re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34, this court held that the provisions of section 1351 of the charter of the city of New York (chapter 378 of the Laws of 1897) creating the municipal court, contemplated not a mere continuance of the district courts of the former city of New York and the justices' courts of the city of Brooklyn, but the erection of a distinctly new and inferior local court, not of record. The presiding justice, in his opinion in that case, predicated this conclusion upon the fact that the municipal court has other and greater powers and jurisdiction, and its justices have greater authority, than was possessed by all of the former courts combined. Page 532. It was held that the legislature, by virtue of article 6, §§ 17, 18, of the constitution, had power to create such a new court, provided it was made a local inferior court, not of record. Following this decision, the appellate term in the First department has held in McConologue v. McCaffrey, 29 Misc. Rep. 139, 60 N. Y. Supp. 279, that the municipal court cannot entertain an action to foreclose a mechanic's lien, a remedy essentially equitable in its nature, because of the prohibition contained in section 18 of

article 6 of the constitution that "the legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction," etc. In the prevailing opinion in that case it is said "that the provisions of the Greater New York charter conferring upon the municipal court the right to entertain an action for the foreclosure of a mechanic's lien are unconstitutional and void." Assuming that subdivision 14 of section 1364 of the charter, by its terms, and read alone, confers upon the municipal court jurisdiction to entertain an action for the foreclosure of a mechanic's lien, it seems to us that it should be taken in connection with the express provision of section 1351 of the charter creating the municipal court, and providing that said court "shall be a local civil court within the city of New York as constituted by this act, and shall not be a court of record or have any equity jurisdiction." The legislature, it will be seen, has been careful, in creating this court, to comply with the provisions of the constitution now under consideration. The court has been created, by the express terms of the statute, a local court, upon which no equity jurisdiction is conferred, and any general statement in the statute of the jurisdiction, powers, and duties of the court which might otherwise by itself be held to include equity jurisdiction must yield to the prohibition enjoined by the constitution, and enacted in section 1351. The conclusion is therefore inevitable that this action is one which could not be successfully maintained in the court below.

The respondent, however, insists that, as the judgment appealed from is a money judgment only, it may be upheld as within the lawful jurisdiction of the municipal court. The complaint is not couched in terms which would support a judgment for labor and materials against the owner of the property, as was the case in Terra-Cotta Co. v. Doyle, 133 N. Y. 603, 30 N. E. 1010, and Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3. In both cases the plaintiff dealt with the defendant directly, and there was an indebtedness independently of the lien and of the provisions of the mechanic's lien law. The plaintiff here did, indeed, endeavor to show upon the trial that the alleged contractor was in fact the superintendent of the owner, and consequently employed the plaintiff as agent for and in behalf of the owner; but the complaint is not framed on that theory, contains no such averments, and the proof is not sufficient to warrant an amendment to the complaint in support of the judgment, were that course proper on appeal.

As to the sureties, the condition of the bond is "for the payment of any judgment which may be rendered against the property for the enforcement of the lien." The Lien Law (Laws 1897, c. 418, § 18, subd. 4). Liability on such a bond depends upon the validity of the lien, and until that is established a separate action upon the bond will not lie. In Morton v. Tucker, supra, it was held, citing the headnote, that "the remedy * * * to enforce the obligations of the sureties to such a bond is not by an action at law upon the bond, but by an action in equity, in which all persons interested, including the sureties on the bond, are made parties."

It follows that the judgment should be reversed, with costs. All concur.