COLES v. SAITTA.

(Supreme Court, Appellate Term.  November 12, 1909.)

EVIDENCE (§ 455*)—PAROL EVIDENCE TO EXPLAIN WRITING.

One T. gave plaintiff an order on defendant reading: "Please pay to [plaintiff] from the proceeds of sales of my fruit $775 and charge same to my account.  This is as per agreement between you and M. [plaintiff's manager]."  *Held* that, the order clearly referring to the contract between defendant and M., testimony of the actual agreement was proper, in an action on the order to show the meaning of the word "proceeds" therein, and whether it referred to net proceeds after deducting certain advances made by defendant to T.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2104; Dec. Dig. § 455.*]

Appeal from City Court of New York, Trial Term.

Action by John E. Coles against Philip W. Saitta.  From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed, and new trial ordered.

---

Argued before GILDERSLEEVE, P. J., and SEABURY and LEH-MAN, JJ.

Philip S. Saitta (George A. Baker, of counsel), for appellant.
J. Harry Snook, for respondent.

LEHMAN, J.　The plaintiff has brought suit against the defendant upon an order given him by one Joseph H. Tinaglia and reading as follows:

"New York, August 17, 1908.

"P. W. Saitta, 258 Broadway, N. Y.—Dear Sir: Please pay to Coles & Co. from the proceeds of sales of my fruit $775.00, and charge same to my account. This is as per agreement between you and Mr. Montague, of Coles & Co.

"Yours very truly,　　　　　　　　[Signed]　Joseph H. Tinaglia.

"P. S.　The above covering the amount of my purchase of 5,000 orange boxes, with straps, from Coles & Co."

At the trial Mr. Montague, plaintiff's manager, testified that Tinaglia, a Mexican orange grower, desiring to purchase some boxes, referred him to the defendant, who was to handle his fruit in New York, the sales to be made through the Connolly's Fruit Auction.　He claimed that, when he went to see the defendant, defendant said:

"Well, I know Mr. Tinaglia.　I expect to handle his fruit in New York, and I want him to have those boxes.　Without the boxes, he cannot ship the fruit; and if you will bring me an order, signed by Joseph H. Tinaglia, for the amount of your bill, I will see that you get your money."

Defendant then dictated a form of order which would be satisfactory to him, and Montague made a rough draft of the order.　Thereafter it appears undisputed that the plaintiff sold Tinaglia the boxes.　Tinaglia signed the order, and, after the boxes were shipped, the plaintiff sent the order to the defendant.

The trial justice ruled correctly that, the sale of the boxes and the receipt by the defendant of the order having been proven, the only question in the case was whether the defendant had received any proceeds which could be applied upon this order.　To decide this question the meaning of the word "proceeds," as used in the order, must first be determined.　The plaintiff claims that it means the proceeds for which the oranges were sold, after deducting the expenses for shipment and revenue duties.　The defendant claims that, in addition, advances of 90 cents a crate, which he directed foreign bankers to advance to Tinaglia in Mexico before shipment, upon deposit with them of the bills of lading for the oranges, must be deducted.　Under the circumstances, even if this order had not contained the words referring to the agreement between the defendant and Mr. Montague, the order would, it appears to me, still have been ambiguous, and parol testimony as to the surrounding circumstances would have been proper; but here the order clearly refers to the contract, and testimony of the actual agreement was certainly proper to complete the instrument, which is incomplete upon its face.　The defendant attempted to testify that he agreed to pay the plaintiff out of the net proceeds, and that he explained to Mr. Montague that advances were to be made to Tinaglia before shipment.　This testimony was excluded, and, where it was

given before objection, it was stricken out. The trial justice erred in this exclusion.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.