## COLES v. SAITTA.

(Supreme Court, Appellate Term. January 5, 1911.)

1. ASSIGNMENTS (§ 138*)—ACTION BY ASSIGNEE—QUESTION FOR JURY—CONSTRUCTION OF ASSIGNMENT.

A shipper of fruit from Mexico, in order to obtain boxes from plaintiff on credit, gave him an order for the price, $775, on defendant, the shipper's local selling agent, to be paid "from the proceeds" of the fruit sales. In an action on the order, plaintiff proved that defendant had received $7,000 from sales of the fruit. *Held*, that the question whether the word "proceeds" in the order meant gross or net proceeds was not for the jury, since, aside from the obvious construction of the instrument that the word meant net proceeds, plaintiff's claim was only through the shipper, who could only claim the amount remaining after deducting necessary charges against the sum realized for freight, duties, etc.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 138.*

For other definitions, see Words and Phrases, vol. 6, pp. 5639–5642; vol. 8, pp. 7765, 7766.]

2. ASSIGNMENTS (§ 134*)—ACTION BY ASSIGNEE—BURDEN OF PROOF.

In an action by the holder of an order directed to defendant, requiring him to pay the sum of $775 "from the proceeds" of sales of fruit consigned to defendant by the maker of the order, plaintiff made out a prima facie case when he proved that defendant had received over $7,000 for the fruit sold; the burden being on defendant to show that by reason of prior charges on the amount received there was no balance applicable to the payment of the order.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 134.*]

Appeal from City Court of New York, Trial Term.

Action by John E. Coles against Philip W. Saitta. From a judgment entered on dismissal of the complaint, plaintiff appeals. Reversed, and a new trial ordered.

See, also, 119 N. Y. Supp. 253.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

J. Harry Snook, for appellant.

Philip S. Saitta (Geo. O. Baker, of counsel), for respondent.

GIEGERICH, J. The plaintiff, a manufacturer of boxes, was requested by one Tinaglia to sell him, on credit, certain boxes to be used in packing oranges for shipment from Mexico to New York. This plaintiff at first refused to do, whereupon Tinaglia introduced plaintiff to the defendant, who was an importer of oranges doing business in the city of New York. Tinaglia had made an arrangement with the defendant under which the former was to ship his oranges from Mexico to the defendant in New York, and the defendant was to sell them in this market for the account of the shipper.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff having refused to extend credit to Tinaglia for the boxes in which the oranges were to be shipped, the defendant suggested that a way out of the difficulty would be for the plaintiff to procure an order from Tinaglia directing the defendant to pay the plaintiff's bill out of the proceeds of the sales of the oranges to be shipped. This suggestion was acted upon. Tinaglia signed such an order, which plaintiff transmitted to the defendant. The orange boxes were shipped to Tinaglia, who has not paid for them, and this action is brought to recover their price from the defendant.

The order signed by Tinaglia was in the following form:

"New York, August 17, 1908.

"P. W. Saitta, 258 Broadway, N. Y.—Dear Sir: Please pay to Coles & Co. from the proceeds of sales of my fruit $775.00, and charge same to my account. This is as per agreement between you and Mr. Montague, of Coles & Co. Yours very truly, Joseph H. Tinaglia.

"P. S.—The above covering the amount of my purchases of 5,000 orange boxes with straps from Coles & Co."

At the trial, plaintiff proved the facts shortly stated above, and also proved that the defendant had received from the auction house at which the oranges were sold over $7,000 as proceeds of the several auction sales. At the close of the plaintiff's case, the court dismissed the complaint.

Plaintiff's theory is that by virtue of the order signed by Tinaglia and transmitted to the defendant an equitable assignment of the proceeds of the sale of the oranges was effected to the extent of $775, and he claims that he was entitled to go to the jury upon the question whether the word "proceeds" in the order meant the gross or the net proceeds of the sales. Counsel for the defendant concedes that the order of Tinaglia was sufficient to effect an equitable assignment of any balance of the proceeds of the sales which may have remained in the defendant's hands after deducting freight, duties, and other charges and expenses incurred in bringing the oranges into the New York market; but he argues that, as the plaintiff has failed to show that there was any such balance of the proceeds of sale, no cause of action was made out.

There was nothing for the jury to pass upon in regard to the meaning of the word "proceeds," contained in the order. It is obvious that, when the parties used the word, they referred to the actual proceeds of the consignments, and that there were no such proceeds until freight, duties, and all other necessary expenses incurred in order to put the goods in a position to be sold had first been deducted from the price realized at the auction sales. If this were not plain as a matter of interpretation of the contract, however, it would still be true that as the plaintiff's rights depend solely upon an assignment from Tinaglia, and not upon any direct obligation of the defendant, the plaintiff can only stand in Tinaglia's shoes. Consequently, if there was nothing due from the defendant to Tinaglia, after satisfying the necessary expenses connected with the transaction, there was nothing for the assignment to operate upon.

I am of the opinion, however, that when the plaintiff established the fact that the defendant had received several thousand dollars from

an auction company as proceeds of the sales of the oranges by that company he had made out a prima facie case. It was for the defendant then to have met this proof by showing, if he could, that the moneys received from the auction company were insufficient to repay the advances theretofore made, or liabilities theretofore incurred by him for freight, duties, advances to the shipper by payment or acceptance of drafts drawn against the shipments, etc. These matters of account were peculiarly within the knowledge of the defendant, and I do not think that it was any part of the plaintiff's case to go further and show what the proper charges of the defendant amounted to and what the balance was. The trial judge ruled otherwise, and for this error I think the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.