(71 Misc. Rep. 544.)

## COLES v. SAITTA.

(City Court of New York, Trial Term.  April, 1911.)

1. ASSIGNMENTS (§ 50*)—CONSTRUCTION—EQUITABLE ASSIGNMENT.

Where an owner of fruit gives an order to a third person upon a commission merchant to pay a certain sum from the proceeds of the sale of the fruit, it operates as an equitable assignment of the amount due the owner ; but if there is nothing due from the commission merchant to the assignor, after paying the necessary expenses, there is nothing for the assignment to operate upon.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105 ; Dec. Dig. § 50.*]

2. ASSIGNMENTS (§ 73*)—ACTION—"PROCEEDS."

In an action by an assignee of the proceeds of the sale of fruit consigned to a commission merchant, there being a disputed question of fact whether the commission merchant told plaintiff before the assignment that he was advancing 90 cents a box on oranges received, a charge that whether the commission merchant told plaintiff about the advances would make no difference if the commission merchant actually in good faith advanced the money, and that, after deducting the advances, freight, and expenses, if there were no funds left in his hands due to the assignor, the commission merchant was entitled to a verdict, was not error, in the absence of any question of fraud, the term "proceeds" in the assignment including only the amount remaining after deduction of freight, duties, and other necessary expenses incurred in order to put the goods in condition to be sold.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 6, pp. 5639–5642 ; vol. 8, pp. 7765, 7766.]

Action by John E. Coles against Philip W. Saitta.  Motion to set aside a verdict for defendant.  Denied.

See, also, 126 N. Y. Supp. 662.

J. Harry Snook, for plaintiff.
Philip S. Saitta (Louis Levy, of counsel), for defendant.

GREEN, J.  [1] This is a motion to set aside a verdict had before a jury and returned in favor of the defendant.  The action was brought upon an order given to the plaintiff and addressed to the defendant as follows:

"P. W. Saitta, 248 Broadway, N. Y.

"Dear Sir.—Please pay to Coles & Co. from the proceeds of sales of my fruit $775.00 and charge same to my account.  This is as per agreement between you and Mr. Montague, of Coles & Co.

"[Signed]  Joseph H. Tinaglia.

"P. S.—The above covering the amount of my purchase of 5,000 orange boxes with straps from Coles & Co."

Tinaglia, who signed the order, was an orange grower in Mexico. Coles & Co. were box manufacturers in New York, and Saitta was a commission merchant, or acting as such in the receipt and disposal of the fruit upon its arrival in New York.  Coles & Co., to whom Tinaglia applied for a sale of boxes to him, refused to sell except for cash or upon such arrangement for payment as to Coles & Co. should be sat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

isfactory. Tinaglia then referred Coles & Co. to the defendant Saitta, who stated that he was receiving fruit from Tinaglia; that he was advancing 90 cents a box upon each box of oranges received, and, in addition, paying all the expenses of importation, duty, freight, etc.; that plaintiff could send the order to him, and, if there was any money remaining in his hands, he would meet the order. The order was not formally accepted, but it came subsequently by mail to the defendant, who retained possession thereof, but of this fact no point is made by either side. The facts in the case are not disputed save in one particular, and that is upon the question of the advance of 90 cents a box to the orange grower Tinaglia. This statement, which the defendant Saitta claims to have made to Coles & Co., through its agent Montague, is denied by the agent, whose contention is that defendant stated that he was to deduct expenses, such as the duty, freight, etc., and that the subject of advances of 90 cents a box to Tinaglia was not mentioned in any form. The situation thus brought about is that, if the defendant is entitled to deduct with the expenses, etc., the advances made by him to Tinaglia, then nothing remains in his hands to meet the order, but, if the advances should not be allowed as against the order, then sufficient money remains to pay the amount of plaintiff's claim. This is the fourth trial of this action. Upon the first trial the plaintiff had a verdict, which was reversed by the Appellate Term upon the ground of the exclusion by the trial justice of testimony offered by the defendant as to what was understood and agreed between them as to "proceeds" mentioned in the order, the Appellate Term holding that the defendant had a right to testify "that he agreed to pay the plaintiff out of the net proceeds, and that he explained to Mr. Montague that advances were to be made to Tinaglia before shipment." See 119 N. Y. Supp. 253. The second trial was had and a juror was withdrawn, for the reason that plaintiff sued on an accepted order instead of an order which operated as an equitable assignment, and permission was accorded plaintiff to amend his pleadings by application to Special Term. The plaintiff duly applied for such permission, the same was granted, and plaintiff proceeded to a third trial, and upon said trial the complaint was dismissed. An appeal was taken from the judgment dismissing the complaint, and that judgment was reversed, a new trial ordered, and the fourth trial was had, resulting in a verdict for the defendant, which plaintiff now moves to set aside.

In the second appeal to the Appellate Term the court held that when the plaintiff established the fact that the defendant had received several thousand dollars from an auction company as proceeds of the sales of the oranges by that company he had made out a prima facie case. In the opinion of the Appellate Term, upon the second appeal from the judgment dismissing the complaint, there is contained language diametrically opposed to the opinion of the Appellate Term upon the first appeal as to the admissibility of testimony to explain what was meant by "proceeds" as set forth in the order. While in the first appeal the appellate court held that the trial justice erred in excluding evidence as to what was meant and understood by "proceeds," in the second appeal the appellate court said:

"There was nothing for the jury to pass upon in regard to the meaning of the word 'proceeds' contained in the order. It is obvious that when the parties used the word they referred to the actual proceeds of the consignments, and that there were no such proceeds until freight, duties, and all other necessary expenses incurred in order to put the goods in a position to be sold had first been deducted from the price realized at the auction sales." See 70 Misc. Rep. 234, 126 N. Y. Supp. 662.

As counsel for the defendant presents the situation in his brief:

"Thus we find three judges of the appellate court holding that the question of what 'proceeds' means is for the jury to say, and three other judges of the same court holding that it is not for the jury to say what 'proceeds' means. Neither of these decisions has been reversed or affirmed on appeal, and consequently they both stand as the law in the case."

Counsel for the defendant contends, however, that the language quoted from the second appeal is "obiter," and that the only question before the court then was whether plaintiff had made out a prima facie case. It is the duty of trial judges to follow the decisions of the appellate courts, and, the fourth trial having taken place before me, both decisions were presented to me for my consideration, thus placing the court in the unenviable position of, "How happy could I be with either, were t'other dear charmer away." A careful examination of both opinions, however, convinces me that the opinion upon the first appeal correctly states the law, and that, upon the second appeal, while the result reached is undoubtedly correct, the mode of arriving thereat is not in entire accord with the authorities upon the subject. The Appellate Term, however, upon the second appeal also said:

"It would still be true that as the plaintiff's rights depend solely upon an assignment from Tinaglia, and not upon any direct obligation of the defendant, the plaintiff can only stand in Tinaglia's shoes. Consequently if there was nothing due from the defendant to Tinaglia after satisfying the necessary expenses connected with the transaction there was nothing for the assignment to operate upon."

This statement of law was of great assistance to the trial justice on the last trial, in order that he properly and intelligently charge the jury, in view of the facts above presented. In the case at bar the court permitted evidence to be admitted under the opinion rendered on the first appeal showing what was meant by "proceeds" and charged the jury substantially in the language of the opinion of the court on the second appeal as above quoted:

"That plaintiff's rights depend solely upon an assignment from Tinaglia, and not upon any direct obligation of the defendant, and that plaintiff can only stand in Tinaglia's shoes."

[2] The court also charged that whether defendant told plaintiff or not about the advances of ninety cents a box on the oranges that that would make no difference if the defendant actually, in good faith, advanced the money, and, if after deducting the advances and freight and expenses they found no funds in defendant's hands due to Tinaglia, then defendant was entitled to a verdict. Counsel for plaintiff asserts this to be error, and asks that the verdict be set aside, claiming that, if defendant did not tell plaintiff about the advances of 90

cents a box which he made or would make, then defendant had no right to deduct them. I cannot agree with this proposition. This order was at best an equitable assignment which was left with the defendant. There is no charge of fraud in the case at bar. The defendant was under no direct obligation to the plaintiff. His only obligation, it seems to me, was to honor the order in case he had funds in his hands belonging to Tinaglia. He was not bound to pay the plaintiff's order except out of the "proceeds." The plaintiff stood in no better position with his order or equitable assignment than Tinaglia himself would have occupied against the defendant. The evidence showed that defendant paid out about $700 more than he received. I do not believe the defendant was under any legal obligation to put funds aside for this order and keep on paying out his own money to his own loss and damage, and warrant for this conclusion may be found in the case of McMann v. Meehan, 29 Misc. Rep. 630, 61 N. Y. Supp. 58.

I am of the opinion that the court's charge was correct, and consequently the motion to set aside the verdict is denied. Ten days' stay and 30 days to make a case after notice of entry of judgment.

Motion denied.