(5 Misc. Rep. 224.)

### EGAN v. LAEMMLE et al.

(Common Pleas of New York City and County, General Term. October 2, 1893.)

1. MECHANICS' LIENS—ENFORCEMENT IN DISTRICT COURT—FORM OF JUDGMENT.
   Laws 1885, c. 342, §§ 11, 12, provide that, in an action brought in a court not of record to enforce a mechanic's lien, a judgment for plaintiff shall consist of an entry that plaintiff is entitled to recover the amount adjudged to be due him, with costs, and that such judgment shall be enforced by execution as therein prescribed. *Held*, that the district court of New York city has no jurisdiction to direct a sale of the property in an action to enforce a mechanic's lien.

2. SAME—MODIFICATION OF JUDGMENT ON APPEAL.
   On appeal to the court of common pleas from a judgment of the district court which improperly directed a foreclosure sale of the property, the judgment may, under Code Civil Proc. § 3213, authorizing the common pleas to modify the judgments of the district court, be modified by striking out the improper provision.

3. SAME—ANOTHER ACTION PENDING.
   An action in a district court by a material man against the contractor and owner to establish a mechanic's lien is not barred by the pendency of an action in the city court by the contractor to foreclose his lien on the property when the material man is not made a party to the latter action.

Appeal from third district court.

Action by John Egan, material man, against Joseph Laemmle and another, owner and contractor, to establish a lien for the un-

paid purchase price of certain lumber furnished and used for alterations and repairs. The district court gave judgment establishing the lien, and directing that it be foreclosed, and the property sold to satisfy the same. The defendant Laemmle, the owner of the premises, appeals. Modified.

Argued before BISCHOFF and PRYOR, JJ.

Jones Cocrane, for appellant.

John Delahunty, for respondent.

BISCHOFF, J. This action was brought by plaintiff, a material man, against the defendants, the contractor and owner, to foreclose a mechanic's lien claimed under the provisions of the mechanic's lien law (Laws 1885, c. 342) for the unpaid purchase price of certain lumber furnished to the contractor and used by the latter in making certain alterations and repairs at the owner's request. On the trial it was shown without contradiction that the lumber was sold, delivered, and used as plaintiff claimed. It further appeared from sufficient evidence that the purchase price of the lumber remained unpaid; that within the required time after the lumber was furnished and the work of making the alterations and repairs was completed plaintiff caused a notice claiming a lien, which substantially complied with all the requisites of such a notice, to be filed in the proper office, and that at the time of its filing there was due the contractor from the owner for such alterations and repairs an amount in excess of that which was due plaintiff. Upon this state of facts plaintiff's right to the recovery of a judgment for the amount due him and to the enforcement of the lien claimed cannot be successfully disputed. The judgment is, however, assailed by the owner defendant upon two grounds: Firstly, that it is unauthorized, because, besides adjudging plaintiff to be entitled to the amount shown to be due him, and that he has a valid lien therefor, it proceeds to direct foreclosure and sale in form the same as a judgment in an action brought to foreclose a mechanic's lien in a court of record; and, secondly, that the prosecution of this action was arrested by the pendency of an action in the city court of New York which was brought by the contractor against the owner for the foreclosure of a lien upon the same premises, claimed for a balance alleged to be due upon the same contract with the owner upon which plaintiff's lien was held enforceable against him in this action. The pendency of the city court action at the time of the commencement of this was admitted on the trial. Neither objection requires a reversal of the judgment. Section 8 of the mechanic's lien law, (Laws 1885, c. 342,) which provides that the manner and form of instituting and prosecuting an action brought to foreclose a mechanic's lien to judgment shall be the same as in actions for the foreclosure of mortgages upon real property, is exclusively applicable to courts of record. The same section specifically exempts from its operation such actions as are specially provided for, and such provision is made for actions brought in courts not of record by sections 9--12.

Sections 11 and 12 prescribe the form of judgment, if for the lienor, in an action in a court not of record, to consist of an entry to the effect that the plaintiff is entitled to recover the amount adjudged to be due him, with costs, and the evident intention of the legislature was to preserve the simpler form of judgment which ordinarily prevails in courts not of record. Jennings v. Newman, 52 How. Pr. 282. Provision for the enforcement of the judgment and lien is made by the execution specially prescribed for such cases by section 11. In so far, therefore, as the judgment entered and appealed from adjudges plaintiff to be entitled to recover the amount shown to be due him, with costs, and that he has a valid lien against the owner upon the premises described in the complaint, it satisfies the requirements of the statute, and objection to its further directions can only be made on the ground that they are in excess of the power of the court to render judgment. That objection, however, may be removed by a modification of the judgment, for which purpose ample authority is conferred upon this court in the case of appeals from judgments of the district courts in the city of New York by section 3213 of the Code of Civil Procedure, (see, also, Consolidation Act,—Laws 1882, c. 410, § 1438,) which extends to actions brought to foreclose mechanics' liens, (Mechanic's Lien Law,—Laws 1885, c. 342, § 13.) The contractor's notice of lien was filed before plaintiff caused his to be filed, and the former's action in the city court of New York was commenced after both notices were filed, but before the commencement of this action. Plaintiff was not made a party to the contractor's action, and independently, therefore, of the mechanic's lien law, (Laws 1885, c. 342,) there is no ground for precluding him either from instituting or prosecuting a separate action for the enforcement of his lien. Nor do we find anything in the mechanic's lien law capable of being invoked with that effect. Any lienor may enforce his lien by a civil action in a court of record (section 7) or in a court not of record if the amount for which the lien is claimed does not exceed the jurisdictional limit of the court, (section 9,) and such lienor shall be plaintiff in such action, (section 17.) If the action is brought in a court of record, prior as well as subsequent lienors and others claiming under subsequent judgments, mortgages, and conveyances must be made parties; otherwise, however, if the action is in a court not of record. Section 17. And see Sullivan v. Decker, 1 E. D. Smith, 699; Kaylor v. O'Connor, Id. 672. It may be contended that the proper construction of the words "any" lienor, as used in section 7, comprehends one of two or more lienors to the exclusion of the others, and does not necessarily mean "each" or "every" lienor; but that the latter is the sense in which the legislature intended to be understood, and that there may be as many actions as there are lienors, is clearly expressed by the further provision for a consolidation of actions, and the prosecution of the action first commenced upon the application of the owner of the premises upon which the several liens are claimed, and from the operation of which provision, however, ac-

tions brought in courts not of record are expressly exempted. Section 18. A different question would, of course, have been presented if plaintiff at the time of the commencement of this action had been made a party to the contractor's action; but it is at least debatable whether under the peculiar provisions of the mechanic's lien law (Laws 1885, c. 342) above referred to the pendency of an action by one lienor could be pleaded in bar to the prosecution of a subsequent action by another lienor who was made party to the first action, and whether or not the owner is not confined to his remedy of causing the several actions to be consolidated. If our conclusion, as appellant's counsel contends, will expose an owner to the burden of having to defend several actions brought by as many different lienors, when the rights of all could be just as well adjusted in one action, redress must be sought from the legislature, since we cannot, upon any proper theory of construction, defeat its clearly-expressed intention. We do not discover any error in the rulings of the trial court. The judgment should, therefore, for the reasons above stated, be modified by eliminating therefrom all provisions other than that plaintiff is entitled to recover from the defendant Martin A. Schmidt the sum of $145.86, principal and interest, with $17.87, the costs of the court below, amounting in the aggregate to $163.73, and that for the amount so adjudged to be due him plaintiff has a valid lien against the defendants, and each of them, upon the premises described in the complaint. As so modified, the judgment is affirmed, but without costs of this appeal to either party as against the other.