(33 Misc. Rep. 299.)

### KOTZEN v. NATHANSON.

(Supreme Court, Special Term, New York County. December, 1900.)

1. MECHANIC'S LIENS—MUNICIPAL COURT—JURISDICTION.
    Greater New York Charter, § 1351, declares that the district courts of New York and the justices' courts of Brooklyn are thereby continued, consolidated, and reorganized under the name of "The Municipal Court of the City of New York." Section 1364, subd. 14, provides that such courts shall have jurisdiction of civil actions and proceedings of which district or justices' courts had jurisdiction December 31, 1897, except as shall be expressly excluded by this act. Laws 1885, c. 342, § 9, expressly confers jurisdiction of actions to foreclose mechanics' liens on courts not of record. Laws 1897, c. 419 (Code Civ. Proc. § 3399), passed after the Greater New York charter, provides that such liens may be enforced in courts having jurisdiction of an action on contract for a sum of money equal to the amount of the lien debt. Sections 3405–3410, Code Civ. Proc., recognize such jurisdiction in courts not of record. *Held*, that the municipal court of the city of New York had jurisdiction of an action to foreclose mechanics' liens, and an action commenced therein for that purpose is a full compliance with a notice to sue to foreclose a lien, or show cause why it should not be canceled.

2. SAME—EQUITY JURISDICTION.
    Greater New York Charter, § 1364, subd. 14, continuing in the municipal court the jurisdiction of justices' and district courts of actions to foreclose mechanics' liens, is not in conflict with section 1351, providing that the municipal court shall not have any equity jurisdiction, since the entertaining of an action by such court to foreclose a mechanics' lien under Laws 1897, c. 419, providing that, in courts not of record, such action shall be against the owners of the property alone, that the issues therein shall be tried in the same manner as other issues in such court, and that the judgment therein shall be for the recovery of money, etc., does not involve the exercise of equity jurisdiction.

Action by Louis Kotzen against Louis Nathanson. On motion to discharge a mechanic's lien. Motion overruled.

68 N.Y.S.—32

David Steckler, for plaintiff.

Max Brown, for defendant.

ANDREWS, J. This is a motion for an order discharging a mechanic's lien filed by Louis Kotzen on September 7, 1900, in the office of the clerk of this county. On October 13, 1900, notice was served on said Kotzen, requiring him to commence an action to foreclose the said lien within 30 days, or to show cause on November 14, 1900, why an order should not be made canceling the lien, as provided for in section 3417 of the Code of Civil Procedure. On November 13, 1900, an action to foreclose said lien was commenced in the municipal court of the city of New York, Fifth district, borough of Manhattan. It is claimed that the commencement of this action was not a compliance with such notice, upon the ground that the municipal court has no jurisdiction of actions to foreclose mechanics' liens. The question whether that court has such jurisdiction was passed upon by the appellate term of the First department in the case of McConologue v. McCaffrey, 29 Misc. Rep. 139, 60 N. Y. Supp. 279, and by the appellate division of the Second department in the case of Smith v. Silsbe, 53 App. Div. 462, 65 N. Y. Supp. 1083; and it was held that it did not. These decisions were placed upon the ground that the constitution provides that the legislature shall not confer upon any inferior or local court of its creation any equity jurisdiction; that the municipal court is not a mere continuation of the district courts of the former city of New York and the justices' courts of the city of Brooklyn, but an entirely new and inferior local court, not of record, created by the legislature; that the power to entertain an action for the foreclosure of a mechanic's lien involves the exercise of equity jurisdiction; and that therefore the court has no jurisdiction of such an action. And it had previously been decided by the appellate division of the First department that the municipal court is a new court, entirely distinct and different from any of the former courts. In re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34. In Worthington v. Accident Co., 164 N. Y. 81, 58 N. E. 102, decided since the decisions in the above-mentioned cases were rendered, the court of appeals has held that the district courts of the old city of New York and the justices' courts in the three districts of the former city of Brooklyn were not abolished by the Greater New York charter, and a new court created, but that they were continued, consolidated, and reorganized under a new name, and that the jurisdiction over a defendant which was a foreign corporation having a place of business in the city of New York, formerly possessed by said district courts, survived such consolidation and reorganization. In view of this decision, the decisions in McConologue v. McCaffrey and Smith v. Silsbe, supra, that a municipal court has not jurisdiction of an action to foreclose a mechanic's lien, and the decision in Re Schultes, supra, are not controlling; and the question whether that court possesses such jurisdiction must now be re-examined and decided in the light of and in accordance with such decision of the court of appeals.

Section 1364 of the Greater New York charter, after enumerating various actions of which the municipal court is to have jurisdiction, further provides that said court shall have jurisdiction of "other civil actions or proceedings of which district courts in the city of New York, or justices of the peace shall have jurisdiction on the thirty-first day of December, eighteen hundred and ninety-seven, except such as shall be expressly excluded by this act." Prior to and at the time of the passage of the Greater New York charter, district courts in this city had jurisdiction of actions to foreclose mechanics' liens, by virtue of the provisions of section 9 of chapter 342 of the Laws of 1885, which expressly conferred such jurisdiction upon courts not of record. Moreover, chapter 419 of the Laws of 1897, known as the "Lien Law," was passed by the legislature after the Greater New York charter became a law. This law is entitled "An act to amend the Code of Civil Procedure, relating to the enforcement of mechanics' liens on real property and liens on vessels." It amends chapter 22 of the Code by inserting therein two new titles, to be known as "Title III" and "Title IV." Title III, which includes sections 3398 to 3419, relates exclusively to proceedings for the enforcement of mechanics' liens on real property, and provides for a complete system of practice and procedure in such actions, both in courts of record and in courts not of record. Section 3399 is as follows:

"A mechanic's lien on real property may be enforced against such property, and against a person liable for the debt upon which the lien is founded, by an action by the lienor, his assignee or legal representative, in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt."

Sections 3405 to 3410, inclusive, prescribe the procedure in such actions in courts not of record.

It will thus be seen that before the passage of the Greater New York charter the legislature had, in express terms, conferred jurisdiction of actions to foreclose mechanics' liens upon courts not of record, and that since the passage of that charter such legislation has been re-enacted. The district courts, as they formerly existed in the city of New York, certainly were, and, as continued, consolidated, and reorganized under the name of the "Municipal Court," certainly are, courts not of record (Code Civ. Proc. § 3); and the decisions of the appellate term of the First department and of the appellate division of the Second department that a municipal court has not jurisdiction of such cases, because of the provision of the constitution that the legislature shall not thereafter (after 1894) confer upon any inferior local court of its creation any equity jurisdiction, and the said decision of the appellate division of the First department in Re Schultes, having all been overruled by the decision of the court of appeals in Worthington v. Accident Co., supra, which holds that the municipal court is not a new court created by the legislature since the adoption of that provision of the constitution, but consists of the old district courts, continued, consolidated, and reorganized under a new name, it necessarily follows that that court now has jurisdiction of such actions by virtue of the

provisions contained in said section 1364 of the charter, and also by virtue of the provisions of the said lien law. Although subdivision 14 of section 1364 of the Greater New York charter continued in the municipal court the jurisdiction of actions to foreclose mechanics' liens theretofore possessed by the district courts in the city of New York, and although the above-mentioned provision of the constitution does not apply to the municipal court, because it is a continuation of old courts, it may be claimed that such subdivision 14 must be read in connection with the provisions of section 1351 of the Greater New York charter, which provides that the municipal court shall not have any equity jurisdiction, and that such latter provision is controlling. There are two answers to this contention: First. The statute known as the "Greater New York Charter" became a law May 4, 1897, while the statute above referred to, known as the "Lien Law," became a law May 13, 1897, and, whether the entertaining of actions to foreclose mechanics' liens is or is not to be regarded as an exercise of equity jurisdiction, the right to entertain such actions is by said lien law to some extent expressly conferred upon all courts not of record, and the municipal court is a court of that description; and, there being no constitutional difficulty in the way, it seems to me that the latter general law would probably repeal by implication the provision of said section 1351 which provides that the municipal court shall not have equity jurisdiction, even if entertaining an action to foreclose a mechanic's lien in a court not of record does involve the exercise of equity jurisdiction. It is not necessary, however, to decide that question, and I do not decide it, for the following reason: Second. Under the provision of the lien law above cited, the entertaining of an action to foreclose a mechanic's lien in a court not of record is not an exercise of equity jurisdiction. It will be seen, by an examination of the said lien law, that the provisions regulating the procedure in a court of record are entirely different from those which regulate such procedure in courts not of record. With regard to such actions brought in a court of record, it is declared that the provisions of the Code relating to actions for the foreclosure of mortgages on real property, and the sale and distribution of the proceeds thereof, apply to actions to enforce mechanics' liens; that, if actions are brought by different lienors, such actions may be consolidated by order of the court; that all lienors having liens against the same property, or any part thereof, all persons having subsequent liens or claims against the property by virtue of a judgment or otherwise, and all persons appearing in the records in the office of the county clerk or register to be overseers (meaning owners) of such property, or any part thereof, are necessary persons defendant; and that the court may adjust and determine the equities of all the parties to the action, and the order of priority of different lienors, and determine all issues raised by any defense or contemplated in the action. The provisions with regard to such actions in courts not of record are wholly different. They provide for an action against the owner only of the property to enforce payment of the debt secured by the lien, for a trial of the issues

between the plaintiff and such owner in the same manner as other issues in such court are tried, and for the recovery of a money judgment to the amount of the debt, and, if the plaintiff is successful, for the issuing of an execution upon such judgment, which shall merely direct the officer to sell the title and interest of the owner in the premises, and for the filing of a transcript of the judgment in the office of the county clerk, which filing is to have the same effect as the filing of a transcript of any other judgment rendered in such courts. It is apparent from the procedure thus prescribed that the exercise of the powers conferred in reference to actions to foreclose mechanics' liens in courts of record does involve the exercise of equitable jurisdiction, and that the exercise of the powers conferred in reference to similar actions brought in courts not of record does not involve the exercise of any equitable jurisdiction whatsoever. It follows from the views above expressed that the commencement of said action by Kotzen in the municipal court to foreclose the lien filed by him was a compliance with the notice given to him under section 3417 of the Code, and that the objection that the court did not have jurisdiction of the action must be overruled, and the motion to vacate the lien must be denied, with $10 costs.

Motion denied, with $10 costs.