(64 App. Div. 424.)

### EADIE v. WALDRON et al.

(Supreme Court, Appellate Division, Second Department.   October 11, 1901.)

MECHANICS' LIENS—MUNICIPAL COURT—JURISDICTION.

   Under Code Civ. Proc. §§ 3404–3410, providing a form of procedure in actions to foreclose mechanics' liens in courts not of record, the municipal court of the city of New York has jurisdiction of such an action.

   Goodrich, P. J., dissenting.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Thomas D. Eadie against Sophronia Waldron and others.   From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Horace G. Lansing, for appellant.
Charles S. Simpkins, for respondents.

WOODWARD, J. This action was brought to foreclose a mechanic's lien under the provisions of section 3404 of the Code of Civil Procedure, and the plaintiff's evidence established the fact that there was a sum of money due to him for services rendered upon the premises. One of the defendants concedes that the sum was about $50, while the claim of the plaintiff is for $68.50. While there is some question whether the defendant Sophronia Waldron is the present owner of the premises, there does not appear to be any doubt that she is the owner of record of the property, and that she has a present equity in the same. The case was heard without a jury, resulting in a judgment dismissing plaintiff's complaint; but, as the learned court made no memoranda of the reasons which prompted this disposition of the case, we are unable to account for the judgment, except upon the theory that the learned court must have reached the conclusion that it was without authority to foreclose a mechanic's lien, on the ground that it was an equitable process, and therefore without the jurisdiction of the municipal court.

We are of opinion that the case of Kotzen v. Nathanson, 33 Misc. Rep. 299, 68 N. Y. Supp. 497, fully disposes of this question, and we can safely adopt the reasoning and conclusion of that case, which holds that the municipal court of the city of New York has jurisdiction to foreclose a mechanic's lien, the proceeding, as pointed out by the Code of Civil Procedure, being entirely different from that which prevails in a court of record, where the equities of all the parties are taken into consideration and disposed of in a single action. See sections 3398-3419, both inclusive, of the Code of Civil Procedure.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the result. All concur, except GOODRICH, P. J., who dissents.