(51 Misc. Rep. 618.)

DRALL v. GORDON et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. COURTS—MUNICIPAL COURT—JURISDICTION—MECHANICS' LIENS—ENFORCEMENT.

Under Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 11, providing that, in an action to enforce a mechanic's lien on real property, the court shall have power to render judgment for the sum due and to declare the amount a valid lien against the interest of the defendant in the property at the time of the filing of the lien, but that the court may not render judgment for foreclosure and sale of the property, the court's jurisdiction is limited to the rendition of a money judgment against the defendant, to be enforced by execution authorizing a sale of the judgment debtor's interest in the property at the time the lien was filed.

2. SAME—PRIORITY OF LIENS.

Under Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 11, providing for the enforcement of a mechanic's lien claim in such court, the court has no power to adjudge the priority of liens, nor to permit another

lienor to be made a party to the proceeding and establish his lien in such action.

**3. MECHANICS' LIENS — PAYMENT TO CONTRACTOR — LIABILITY OF SUB-CONTRACTOR.**

Where an owner, in good faith and without collusion, pays the con-tractor the full contract price for improvements erected on his land, he is not liable to a subcontractor for the amount due him because he permitted such subcontractor to continue the work.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 151–159.

**4. SAME—PAYMENT IN GOOD FAITH—EVIDENCE.**

In a suit by a subcontractor to enforce a mechanic's lien, evidence that plaintiff informed the owner's agent that the contractor had not paid plaintiff, and that the agent stated he would see the owner "about it," in the absence of proof that the agent did see the owner, either before or after he had paid the contractor the full contract price, or that he ever communicated the fact of plaintiff's claim to the owner, was insufficient to show that the payment was not made in good faith.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Allen G. Drall against Henry W. Gordon and others. From a judgment for plaintiff, defendant Gordon appeals. Judgment modified.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Appell & Taylor (Albert J. Appell and George H. Taylor, Jr., of counsel), for appellant.

Weeks W. Culver, for respondent.

GILDERSLEEVE, J. This action was brought by the plaintiff, a subcontractor, to foreclose a mechanic's lien against Gordon, the owner of the premises, Heitmuller, the contractor, and Dayton, another subcontractor and also a lienor. Upon the trial, the plaintiff having proved his claim, the filing of the lien by him, etc., the other defendant and subcontractor Dayton was permitted to prove his claim, the filing of his lien, etc., and the court subsequently rendered a judgment by which it adjudged that the plaintiff, Drall, have a judgment against the defendants Gordon and Heitmuller, and that said plaintiff had acquired a valid lien upon the defendant Gordon's real property; and it was also adjudged that the defendant Dayton have a judgment against said Gordon and Heitmuller, and that said Dayton had acquired a valid lien against the real property of the defendant Gordon. Said judgment also provided, further, that a sale of said real property of the defendant Gordon be had, that out of the proceeds thereof there should be paid the fees and expenses and the judgments aforesaid, and in case of any deficiency arising upon such sale that the plaintiff and Dayton have a judgment, respectively, against said Gordon and Heitmuller for such deficiency.

The jurisdiction given the Municipal Court to foreclose a mechanic's lien is set forth in subdivision 11 of section 1 of the municipal court act (Laws 1902, p. 1488, c. 580), which reads as follows:

"An action to enforce a mechanic's lien on real property in which the court should have power to render the judgment for the sum due, and to declare the amount a valid lien against the interest of the defendant in the property·

described in the complaint at the time of the filing of the lien, when the amount does not exceed $500, but said court cannot render judgment for the foreclosure and sale of the property."

The power thus given is limited to the rendering of a simple money judgment against the defendant, to be enforced by an execution authorizing a sheriff to sell the right, title, and interest which the judgment debtor had in the property at the time the lien was filed. Kotzen v. Nathanson, 33 Misc. Rep. 299, 68 N. Y. Supp. 497; Eadie v. Waldron, 64 App. Div. 424, 72 N. Y. Supp. 233. No other lienor but the plaintiff need be made a party, and the court cannót adjust the priority of liens, nor permit a defendant lienor to establish his lien in such an action. That must be done in an action brought by such lienor in person. Dayton, therefore, was not a necessary or proper party to this action, and had no right as defendant herein to prove his lien. The court had no right to order a sale of the property.

The testimony shows that the owner paid Heitmuller, the contractor, the full amount of the contract price prior to the filing of the lien by the plaintiff, and the question to be determined is whether or not such payment relieves the owner from liability. In De Lorenzo v. Von Raitz, 44 App. Div. 329, 60 N. Y. Supp. 736, it was held that an owner, who in good faith and without collusion pays the contractor the full contract price, is not liable to a subcontractor for the amount due from the principal contractor; and that the owner permitted the subcontractor to proceed with the work did not constitute a consent under the lien law which will enable the subcontractor to file a mechanic's lien. The owner in the case at bar knew that the plaintiff was at work, but the plaintiff had recommended Heitmuller, the contractor, to the owner as an honest man, and Heitmuller had been given the contract by the owner, and the mere fact that the plaintiff was at work carried with it no inference even that Heitmuller would not pay him. There is also some evidence tending to show that the plaintiff informed the agent of the owner that Heitmuller had not paid the plaintiff, and that the agent stated that he would see the owner "about it." Whether this was before or after Gordon had paid Heitmuller does not appear, nor does it appear that the agent ever communicated the fact of plaintiff's claim to the owner. Under such circumstances it can hardly be said that the payment made to Heitmuller was not made in good faith. In the case of Kelly v. Bloomingdale, 139 N. Y. 343, 34 N. E. 919, cited by the respondent, the owners, by their agents, had actual notice of the existence of a lien, and the agent was shown copies of the notices of lien, and the owners had actual knowledge of the claim before payment was made, and they were not bound under their contract to make any payment to the contractor until satisfied by him that the materialmen and subcontractors had been paid.

The judgment must be modified, by dismissing the complaint, with costs, as to the defendant Gordon, and rendering a personal judgment against the defendant Heitmuller only for the sum of $28.67 and $4.72 costs. All concur.