(56 Misc. Rep. 673.)

### DAXE v. HAJEK et al.

(Supreme Court, Appellate Term. December 12, 1907.)

1. MECHANICS' LIENS—ENFORCEMENT—PERSONAL JUDGMENT—ALLEGATIONS OF COMPLAINT.

Code Civ. Proc. § 3399, provides that a mechanic's lien can be enforced against the property and against a person liable for the debt on which the lien is founded. Section 3412 provides that, if the lienor fails to establish a valid lien in such an action, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract against any party to the action. *Held* that, to base a personal judgment under these sections against any defendant, the complaint must allege facts which establish the liability of the defendant against whom such judgment is sought, and personal judgment must be demanded in the complaint against such defendant; and, in an action to enforce a lien for labor performed by plaintiff on a building under an agreement with contractors who were erecting it for the owners, where no

contract relation was shown between plaintiff and the owners, and there was no demand in the complaint for a personal judgment against any of the defendants, it was error to render a personal judgment against some of the owners and one of the contractors.

2. COURTS—MUNICIPAL COURT OF CITY OF NEW YORK—MECHANICS' LIENS—
ENFORCEMENT—JUDGMENT.

Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 11, as amended by Laws 1905, p. 1173, c. 513. provides that the Municipal Court shall have jurisdiction in an action to enforce a mechanic's lien on real property, and may render judgment for the sum due, and declare the amount a valid lien against the interest of the defendant, in the property described in the complaint, at the time of the filing of the lien, where the amount does not exceed $500, exclusive of interests and costs, but cannot render judgment for the foreclosure and sale of the property. *Held*, that the court is limited to rendering a simple money judgment against a defendant, to be enforced by an execution authorizing a sale of the interest of the judgment debtor in the property at the time the lien was filed; and, where plaintiff had performed labor on a building under an agreement with contractors who were erecting it for the owners, and the owners owed the contractors an amount greater than the sum which the contractors owed plaintiff and for which he claimed a lien, in an action on such lien in the Municipal Court, plaintiff's remedy against the owners was not by personal judgment against them, no such judgment having been demanded in the complaint, but by a sale under an execution of their interest in the premises to the amount of plaintiff's claim, which sum the owners could then offset against the claim of the contractors against them.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Mayer Daxe against Frank Hajek and others to foreclose a mechanic's lien. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

W. E. Benjamin, for appellants.

Herman R. Elias, for respondent.

GILDERSLEEVE, P. J. The facts in this case are substantially as follows: The action is brought to foreclose a mechanic's lien. The defendants Hajek (Frank and William), Zahradnik, hereinafter called the "owners," and one Newberry, a copartner of said owners, made a contract with the defendants Joseph and Josephine Bernascheff, hereinafter called the "contractors," to erect a building on certain premises. The contractors fully performed their contract, and at the time the lien of the plaintiff was filed there was due from the owners and Newberry the sum of at least $319. During the progress of the work plaintiff made an agreement with the contractors to paint the building. The painting was a part of the work to be done by the contractors. The price to be paid plaintiff therefor was $125, and he fully performed the labor, and, when the lien was filed, that sum was due the plaintiff. The lien was duly filed against the owners and the contractors, and proper service thereof made upon them. The answer admits the ownership of the property in the two Hajeks and Zahradnik, and substantially denies the other allegations of the complaint. The complaint asks for judgment, that plaintiff has acquired a valid lien on the property for $125, and that the interest of the owners be

sold, and plaintiff's lien paid out of the proceeds, together with the cost and expenses of the sale and of this action, and for such other and further relief as may be just. No demand is made for a personal judgment against any of the defendants. After the case was tried the court rendered the following judgment:

"That plaintiff have a valid mechanic's lien for the sum of $125, with interest from January 25, 1907, at the rate of 6 per cent. per annum, against the said property of the defendant Frank Hajek, William Hajek, John Zahradnik, and Harold Newberry, and that the plaintiff have judgment against Frank Hajek, John Zahradnik, and Josephine Bernascheff for the sum of $125, with interest thereon from the 25th day of January, 1907, at the rate of 6 per cent. per annum, besides the costs and disbursements of this action."

The judgment then directs a sale of the title and interest of the owners in the premises, and the payment of the plaintiff's judgment out of the proceeds of such sale. It also provides that:

"In case of any deficiency arising upon such sale, the plaintiff have a judgment against the said defendants Frank Hajek, John Zahradnik, and Josephine Bernascheff for such deficiency."

The appellants claim that the judgment gives more than is demanded in the complaint, and wrongfully allows a personal judgment against the two owners as well as against one of the contractors. Why the defendants William Hajek, Harold Newberry, and Joseph Bernascheff are not included in the personal judgment does not appear. Municipal Court Act, Laws 1902, p. 1488, c. 580, as amended by Laws 1905, p. 1173, c. 513, § 1, subd. 11, provides that the Municipal Court shall have jurisdiction in "an action to enforce a mechanic's lien on real property, in which the court shall have power to render judgment for the sum due, and to declare the amount a valid lien against the interest of the defendant in the property described in the complaint, at the time of the filing of the lien, where the amount does not exceed $500 exclusive of interest and costs; but said court cannot render judgment for the foreclosure and sale of the property." See, also, Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 171. Section 3399 of the Code provides that a mechanic's lien can be enforced against the property and "against a person liable for the debt upon which the lien is founded." Section 3412 of the Code provides that:

"If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action."

In order, however, to base a personal judgment under these sections of the Code against any defendant, the complaint must allege facts which establish the liability of the defendant against whom such a judgment is sought, and personal judgment must be demanded in the complaint against such defendant. Kane v. Hutkoff, 81 App. Div. 110, 81 N. Y. Supp. 85. As there was no contract between plaintiff and the owners, they personally owed him nothing, and therefore no personal judgment against them could be obtained. Siegel v. Ehrshowsky, 46 Misc. Rep. 605, 92 N. Y. Supp. 733. As the owners owed the contractors $319 and the contractors owed plaintiff $125, plaintiff's

remedy against the owners was a sale, under an execution, of their interest in the premises, to the amount of the plaintiff's claim, which sum the owners could then offset against the claim of the contractors against them. Had the owners, however, in good faith and without collusion paid the contractors the full contract price, they would not be liable to the plaintiff for the amount due him from the contractors. De Lorenzo v. Von Raitz, 44 App. Div. 329, 60 N. Y. Supp. 736; Droll v. Gordon, supra; and cases cited. The Municipal Court is limited to the rendering of a simple money judgment against the defendant to be enforced by an execution authorizing a sale of the interest which the judgment debtor had in the property at the time the lien was filed. Droll v. Gordon, supra.

The judgment must be modified by striking out the personal judgment as to all of the defendants, and, as modified, affirmed, without costs of this appeal to either party. All concur.