SCHUMER v. KOHN et al.

(Supreme Court, Appellate Term. June 30, 1908.)

1. COURTS—MUNICIPAL COURTS—APPEAL—DECISIONS REVIEWABLE—ORDER ON DEMURRER.

An order overruling a demurrer, in the Municipal Court, is not appealable; but the proper practice is to enter an order overruling the demurrer, to be followed by the entry of an interlocutory judgment, from which an appeal will lie.

2. SAME—JURISDICTION—MECHANICS' LIENS.

The Municipal Court has a limited jurisdiction to foreclose a mechanic's lien.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by David Schumer against Nathan Kohn and others. From an interlocutory judgment overruling his demurrer to the amended complaint, defendant appeals. Affirmed, with leave to defendant to answer, upon compliance with terms imposed by the judgment.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Herman & Hirschman (Joseph Hirschman and A. W. Weil, of counsel), for appellant.

Pollak & Deutsch (Samuel B. Pollak, of counsel), for respondent.

MacLEAN, J.   The defendant Pototzky appeals from an interlocutory judgment overruling his demurrer to the amended complaint herein.   While an appeal from an order upon a demurrer may not be taken, "the proper practice is to enter an order overruling the demurrer, this to be followed by the entry of an interlocutory judgment, from which an appeal would be."   Binder v. Robinson (April Term, 1908) 110 N. Y. Supp. 229.

The judgment herein must be affirmed, as the Municipal Court has jurisdiction to foreclose a mechanic's lien, limited, it is true, and different from that which prevails in a court of record (Eadie v. Waldron, 64 App. Div. 424, 72 N. Y. Supp. 233; Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 171), and the complaint discloses compliance with section 3404 of the Code of Civil Procedure.

Interlocutory judgment affirmed, with costs to the respondent, but with leave to the defendant to answer upon compliance with the terms imposed by said interlocutory judgment.   All concur.