WEINSTOCK v. CLARENDON IMPROVEMENT CO. et al.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.

The Municipal Court of the city of New York has jurisdiction of an action to enforce a mechanic's lien.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court of New York.

Action by Abraham Weinstock against the Clarendon Improvement Company and the National Surety Company. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis Pleshet, for appellant.

Louis Bialostosky (William F. Clare, on the brief), for respondents.

JENKS, J.   The plaintiff complained that under a written contract he did certain work upon the realty of the defendants and furnished materials thereupon, that a certain sum therefor became due, that he filed a mechanic's lien therefor, and that the defendant and the other defendant named in this action as surety bonded the lien.   He demanded judgment against the owner of the property for the said sum of money, that the lien be declared a valid lien against the realty until discharged by the payment of the judgment, that the surety be declared liable, and that he have such other and further relief as might be just and proper.   The defendant demurred, on the ground that it appeared on the face of the complaint that the court did not have jurisdiction. That demurrer was sustained, with leave to plead over, but in case of failure the defendants should have judgment absolute.   The plaintiff did not plead over, and judgment absolute was rendered.

This court is committed to a conclusion contrary to that of the learned Municipal Court.   Eadie v. Waldron, 64 App. Div. 424, 72 N. Y. Supp. 233.   We may surmise that our decision was not called to the attention of the learned court, inasmuch as it does not appear upon the points of either of the defendants upon this appeal.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.