### NELSON v. HAJEK et al.

#### (Supreme Court, Appellate Term. March 15, 1910.)

1. COURTS (§ 188*)—ENFORCEMENT—JURISDICTION.

   The mechanic's lien act (Laws 1897, c. 418) provides for enforcement of such liens in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of the debt, and provides that the lien may be enforced "against such property and against the person liable for the debt," and requires the filing of a lis pendens when the action is brought, whether in a court of record or not, and provides that failure to do so shall not abate the action as to any personal liability for the payment of the debt. The Municipal Court act (Laws 1902, c. 580) gives Municipal Courts jurisdiction of "an action to enforce a mechanic's lien on real property in which the court shall have power to render judgment for the sum due with interest * * * and to declare the amount a valid lien against the interest of the defendant in the property described in the complaint * * * where the amount does not exceed $500," but provides that such court cannot render judgment for the foreclosure and sale of the property. *Held*, that the meaning of the statutory provisions relating to the jurisdiction to enforce a mechanic's lien must be ascertained from all the provisions considered together, and from the general scope of the statutes and purpose in view, and that the Municipal Court has jurisdiction to enforce a mechanic's lien.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

2. APPEAL AND ERROR (§ 209*)—GROUNDS OF REVIEW—RESERVATION IN LOWER COURT.

   Where no objection is made in an action to enforce a mechanic's lien to the failure to show that a lis pendens was filed within the year required by statute, the objection cannot be raised for the first time on appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290, 1293; Dec. Dig. § 209.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—VARIANCE.

In a proceeding to enforce a mechanic's lien by a subcontractor, who states in his notice of lien that B. and his wife were the contractors with the owners, and that he made his contract with both of them, and the complaint in the action to enforce the lien alleges the same relations, a variance in proof which fails to connect both B. and his wife with the contract with the owner and with the subcontractor is harmless, where there are no other liens resulting from the same transaction, and the jury might have found from the evidence that the contract with plaintiff was on behalf of B.'s wife, though made with B.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4086; Dec. Dig. § 1039.*]

4. APPEAL AND ERROR (§ 197*)—ISSUES IN LOWER COURT—PLEADING—VARIANCE.

Where the issues in a proceeding to enforce a mechanic's lien were tried upon the understanding that the allegations of an amendment to the complaint should be considered as denied by defendant's answer, an objection that certain evidence was improperly introduced because the amendment to the complaint under which it was introduced was improperly made cannot be taken on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 197;* Pleading, Cent. Dig. § 1428.]

5. MECHANICS' LIENS (§ 281*)—ENFORCEMENT—EVIDENCE.

Evidence in an action to enforce a mechanic's lien by a subcontractor *held* to show a balance due from the owners of the property to the contractor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565, 571; Dec. Dig. § 281.*]

6. MECHANICS' LIENS (§ 281*)—ENFORCEMENT—EVIDENCE—SET-OFF.

Evidence in an action to enforce a mechanic's lien by a subcontractor *held* to sustain a finding denying a set-off to the owners of the premises for the cost of repairing defective work done under the contract.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565, 571; Dec. Dig. § 281.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Peter Nelson against Frank Hajek and others. Judgment for plaintiff, and Frank Hajek and others appeal. Modified and affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

W. E. Benjamin, for appellants.
W. R. Spooner, for respondent.

DAYTON, J. This is an action to enforce a mechanic's lien brought by plaintiff as a subcontractor against Joseph and Josefa Bernascheff, principal contractors, and the other defendants as owners of the property. The complaint demands a money judgment against the principal contractors under the contract with them and for extra work and material, and the establishment of the same as a lien on the owners' title or interest in the property. There was a jury trial, and the court submitted to the jury the issue as to the liability of the principal contractors for a personal judgment, and left it to them to declare the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sum which might be found in plaintiff's favor a lien on the owners' interest in the property. The jury returned the following verdict:

"We find a verdict for the plaintiff, Mr. Nelson, for $309, and interest and costs against Mr. and Mrs. Bernascheff, and we grant a lien on the Hajeks' property for the amount of the verdict."

On this verdict the court finally entered a personal judgment against the defendants sued as contractors, and the amount was "adjudged and declared a valid lien against the interests of defendants Frank Hajek, William Hajek, and John Zahradnik (the owners) on the 2d day of February, 1907, in the property described in the complaint in this action; and that plaintiff have execution therefor," etc. The owners appeal.

Appellants first challenge the jurisdiction of the Municipal Court of an action to enforce a mechanic's lien, except it be an action in which a personal judgment is sought against the owner. So far as I have been able to ascertain, the precise question is not discussed, and has not been determined in any previous decision reported, although the jurisdiction has heretofore been assumed. At one time it was held that the Municipal Court had no jurisdiction of an action to enforce a mechanic's lien in any event, because the action was an equitable one, and the Legislature could not confer such jurisdiction upon inferior courts of its own creation. But Worthington v. London, etc., Co., 164 N. Y. 81, 58 N. E. 102, destroyed the force of such decisions by establishing that the Municipal Court was not a new court of the Legislature's creation, but a continuation of the former District Court. This is the extent to which some of the authorities relied on by respondents go. They merely sustain the jurisdiction in an action for a personal judgment against the owner, and do not relate to actions by subcontractors in which a personal judgment against the owner is not asked and could not be rendered. Such are the cases of Kotzen v. Nathanson, 33 Misc. Rep. 299, 68 N. Y. Supp. 497; Eadie v. Waldron, 64 App. Div. 424, 72 N. Y. Supp. 233. So of the late case of Weinstock v. Clarendon Imp. Co., 134 App. Div. 598, 119 N. Y. Supp. 604. It was in Kotzen v. Nathanson, supra, that the distinction between the methods provided for the enforcement of mechanic's liens in courts of record and in courts not of record was pointed out, as indicating that the equitable remedy for the foreclosure of such liens was confided to courts of record, and that a distinct remedy was given in courts not of record, and it was in this connection that the court used the language that in courts not of record the action is not an equitable one, but is against the owner only to enforce payment of the debt secured by the lien.

Before the enactment of the Greater New York Charter in 1897, the District Court assumed jurisdiction of actions by subcontractors under the mechanic's lien law (Laws 1885, c. 342) by virtue of provisions giving to courts not of record power to enforce mechanics' liens and declaring the method of enforcement in such courts. These provisions were substantially similar to those of the mechanic's lien law of 1897 (Laws 1897, c. 418); and this court seems to have sustained such jurisdiction in a case in which the question does not appear to have been presented as here. See Egan v. Laemmle, 5 Misc. Rep. 224, 25

N. Y. Supp. 330. And since the act of 1897 jurisdiction has been :assumed by the Municipal Court, and such assumption apparently rec-·ognized by this court. See Siegel v. Ehrshowsky, 46 Misc. Rep. 605, 92 N. Y. Supp. 733. So in Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 171, this court said that the Municipal Court was "limited ·to rendering a simple money judgment against the defendant to be ·enforced by an execution authorizing the sheriff to sell the right, title and interest which the judgment debtor had in the property at the time ·the lien was filed," but this language was used upon affirming a per-sonal judgment against the principal contractor, and dismissing the ·complaint as to the owner because no lien was established, and as to another lienor joined as defendant because it was improper to join ·other lienors in such actions in the Municipal Court. In Daxe v. Ha-jek, 56 Misc. Rep. 673, 107 N. Y. Supp. 601, an action by a subcon-·tractor, no personal judgment was sought, and this court modified the judgment by striking out that part which was against the parties for :a sum of money and affirming it in so far as it merely declared a lien ·on the owners' property. The court refers approvingly to the language ·quoted from Drall v. Gordon, supra, but the result of the decision seems not to be entirely consistent with that language, since it is not ·clear how a lien against the owners' property should be declared if the court is limited to the rendering of a money judgment to be declared à lien. The meaning of the statutory provisions relating to the subject is not to be ascertained from any one clause or expression alone, but from all of the provisions considered together as well as from the general scope of the statutes and the purpose in view. Kelly v. Bloom-ingdale, 139 N. Y. 348, 34 N. E. 919. The mechanic's lien act provides for the enforcement of the lien in "an action by the lienor in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt." This does not re-·quire an action for a money judgment against the owner. The limita-tion intended by the provision is only as to the amount of the claim on account of which the lien is sought to be enforced. Raven v. Smith, 148 N. Y. 418, 43 N. E. 63. Any other construction might exclude the jurisdiction of a court of record as well as of a court not of record. By the act the lien may be enforced "against such property and against the person liable for the debt," etc. This contemplates a judgment against the property, and also against the person liable for the debt, whether that person be the owner or some other person, so long as the liability to the plaintiff gives rise to a lien under the previous provisions of the act. The provision which gives jurisdiction to courts not of record as well as to courts of record makes no distinction in respect of the particular lienors who may resort to the former court; on the con-trary, the first section of the article which deals with the remedy ex-pressly declares that the provisions of the article are to be considered in connection with the prior article which creates the liens.

The Municipal Court act (Laws 1902, c. 580) gives that court juris-·diction of "an action to enforce a mechanic's lien on real property, in which the court shall have power to render judgment for the sum due," with interest, etc., "and to declare the amount a valid lien against the

interest of the defendant in the property described in the complaint at the time of the filing of the lien, where the amount does not exceed five hundred dollars," etc., but provides that "said court cannot render judgment for the foreclosure and sale of the property." This would seem to be in aid of the jurisdiction conferred by the lien law. The intention of the Legislature in this respect is indicated by the omission of express words from the above section of the Municipal Court act to limit the action to one against the owner alone. The contention that this contemplates only a simple money judgment is not tenable, because the court is expressly authorized to "declare" a lien on "the interest of the defendant," etc., and the words "the defendant" may well be construed to refer to the defendant who is alleged to own the property. The section of the lien law providing the particular process in these actions in courts not of record is invoked to show that it was intended that the action contemplated was one for a personal judgment against the owner. The complaint which is required to be served on the owner gives the latter notice of the claim against his property. The fact that the form of the summons is to be the same as in an action on a contract I think is not controlling. If the lienor might proceed against another person liable for the debt on a contract between them, there was no need for providing specially for the form of summons against him; but it is consistent with the purpose of the lien law that the provision should have intended that the owner be included in such summons, and that the notice of the claim against him should be conveyed by the complaint.

Another provision of the lien law may be considered as showing that the act contemplates such an action as the one at bar, namely, that provision which requires the filing of a lis pendens when the action is brought in a court not of record as well as in a court of record, and declares that the failure to do so shall not abate the action as to any person liable for the payment of the debt, but that the action may be prosecuted to judgment against such person. If there were other lienors than plaintiff standing in his situation, a different question might arise, and it is doubtful if the Municipal Court would have jurisdiction. Even in such a case the jurisdiction seems to have been recognized (See Egan v. Laemmle, 5 Misc. Rep. 224, 25 N. Y. Supp. 330); but it is not necessary to determine the question here, since it appears there are no other liens against this property. The arguments based upon the statutory provisions as to costs and the filing of transcripts of judgments it seems to me do not go to the jurisdiction of the court. The objection to the jurisdiction is not sustained.

Appellants insist that the plaintiff's lien expired because no lis pendens was filed within a year, etc., as required by the statute. The lis pendens is to be filed when the action is commenced, and therefore the filing cannot be alleged in a complaint which is served with the summons. It does not appear whether it was or was not filed in this case, and the objection for want of proof of the fact is raised here for the first time. The issues as made by the parties were tried, and the rule should be applied here that if a defendant put himself upon ground which, if sustained, would render proof of an omitted fact immate-

rial, he cannot thereafter raise the objection. Brown v. Cayuga R. Co., 12 N. Y. 487; Cheney v. Beals, 47 Barb. 525.

The next objection goes to the admissibility of evidence of the contracts involved under the allegations of the complaint, and it is insisted that there is a fatal variance between the pleading and the proof. The notice of lien designated Mr. and Mrs. Bernascheff as the contractors with the owners, with both of whom plaintiff made the contract, and the complaint alleges the same relations between the parties. The owners by their answer deny these allegations, and Mrs. Bernascheff by her answer denies that she made any contract with plaintiff. Bernascheff did not answer, but appeared by counsel and took part in the trial as a defendant. The contract with the owners was made and signed by Mrs. Bernascheff only, her husband not being a party, and its introduction was objected to under the condition of the pleadings as above stated. Upon the question of plaintiff's contract, he introduced a written acceptance of a bid made by him, which acceptance was signed "Jos. Bernascheff," to the reception of which in evidence similar objection was interposed. The owners also pleaded an offset against the contract price by reason of alleged failure to perform and defective performance of the building contract, and the evidence on the whole case, although conflicting at every step, seems to have been threshed out on both sides. Plaintiff swears that the negotiations preliminary to his contract were had with Mr. and Mrs. Bernascheff at the same time, that his bid was a little more than $500, and that they told him they would give him the job if he would make the price $500. Mrs. Bernascheff denies that she made any contract with Nelson, but says her husband did, and the husband does not speak to this point. She further says that she made her husband subcontractor; also, that he was doing business in her name at that time because she was ill; also, that he was attending to the business for her. Whatever the relations were between Mrs. Bernascheff and her husband with respect to the building contract, it is beyond question that he was in active control of the operations under it. All of the extra work and materials claimed were furnished on orders to or under agreement with him, but the bills for the same were made by him in his wife's name. There is no evidence of any contract between him and his wife except her statement above mentioned. At one time an order was given to plaintiff on the Hajeks for the balance claimed by him, signed by both Mr. and Mrs. Bernascheff.

Notwithstanding the mistake in the description of the relation of the parties in the lien notice, and the allegations in the complaint to the same effect, it does not appear that defendants were misled or in any manner injured. There appear to be no other liens, and it would seem that, if from the evidence the jury might have found that the acceptance of plaintiff's bid was on behalf of Mrs. Bernascheff, the error in alleging that another person also contracted with him to do the work should not defeat the judgment, as the proceedings are amendable in respect of such error. Mr. and Mrs. Bernascheff have not appealed from the joint judgment against them, and, if Mrs. Bernascheff contracted with plaintiff, it was certainly for work to be done in per-

formance of her contract with the owners. On the whole record it does not seem that this court can promote justice by reversing the judgment on this objection. Objection was also made to proof of the owners' contracts because of the manner of pleading them by an amendment improperly made. The objection is not material now because the issues were tried upon the understanding that the allegations of the amendment should be considered as denied by the defendants' answer.

To prove a sufficient balance due from the owners items of extra work and materials are set up, and denied. Bernascheff was introduced to prove them, and over objection read the items and amounts charged from an itemized statement which had been made by him. Without approving this method of proving performance or value, I think an admission by Frank Hajek referred to below obviates the necessity of noticing that objection further. Bernascheff was cross-examined fully as to each item of extra work and material. One was for extra mason work and material $113.40, which he swears accrued under an express contract fixing the price. The other was for the difference in price of new materials used by order of the owners and old materials which might have been used under the contract $117.20. The contract and order are denied by the owners. These two items added to the admitted balance due under the original contract are sufficient to support the plaintiff's lien in amount. Plaintiff's attorney testified that he went to the Hajeks' premises to serve the summons and complaint in this case; that Frank Hajek asked what it was about, and witness informed him that it was for Nelson's claim on the balance due on the building; that Hajek turned to Mr. Newberry, who was present, and asked him what the balance was, whereupon witness said he too would like to know the amount; that Newberry referred to a book or paper, and told Hajek the balance was $500, and that Hajek repeated it to witness. Newberry denies this, but Hajek, while denying that he stated the amount to witness, admitted that he asked Newberry for the amount of the balance, and that Newberry answered that it was $500. This record abounds in contradictions at every turn, and it is difficult to say where the truth lies, but, in view of this admission, it is probable that the justice of the case was attained by taking these items to form a part of the balance due by the Hajeks.

The Hajeks set up defects and omissions in the work and offset the reasonable cost of remedying them against any balance due on the building. It appears that the roofing used was different from that required by the contract. This was with Hajek's consent, but he swears he consented upon the representation of Bernascheff that it was something new and cost a little more, and that he would use it if he could as he was anxious to do a good job. The building was unquestionably completed and occupied, and the Hajeks waited more than a year, and then had a new roof put on of a better quality and more expensive than the roof called for by the contract. The cost of tearing off the roof as built by Bernascheff and replacing it with one as called for by the original contract is shown by the roofer to be $249, but nowhere is it shown that the roof could not be repaired or made to serve the purpose for which it was intended. The only evidence touching this was

by the man who put on the new roof that he declined to repair the old one. It is practically certain that the contract for erecting the building was substantially performed, and that the Hajeks occupied it for more than a year before they had the roof replaced. Hajeks also set up that they had to replace a door, the cost of which appears at one place to be $45 and at another about $19. The door also was used for more than a year before it was replaced, and no attempt was shown to repair it. There is evidence, furthermore, to show that the door was in good condition when the building was completed and in all respects as the contract required.

The judgment should be modified so as to describe the property on which the lien is declared instead of referring to the complaint for the description, and, as so modified, affirmed, with costs.

LEHMAN, J. I concur with Mr. Justice DAYTON in affirming the judgment below solely because this court since its inception has acquiesced in the assumption by the District Courts and by the Municipal Court of the right to declare the amount of a personal judgment obtained against a contractor a valid lien against the interest of the owner of the property, and I feel that such acquiescence has become a binding authority upon this court until a higher appellate court has determined that it was erroneous. This court is an appellate court of constantly changing personnel, and I believe that its decisions will be considered binding upon the courts below only if those courts are assured that its decisions represent the views of the court rather than the views of the justices temporarily constituting the court. Especially upon points of practice I feel that an orderly procedure requires that each term should follow the rulings of the preceding terms, except, possibly, where it can be demonstrated with almost mathematical precision that such rulings are contrary to clear principle or higher authority.

If it were not for these considerations, I should unhesitatingly hold that the Legislature never intended to vest in the Municipal Court any jurisdiction to declare the amount of a judgment a valid lien against the interest of any person in real property, except in those cases where it also had a right to render personal judgment against such person. It seems to me quite clear that "the defendant" against whose interest the amount of the judgment may be declared a valid lien under subdivision 11 of section 1 of the Municipal Court act is only the defendant against whom the court "has power to render judgment for the sum due," nor am I in any way convinced that any court not of record has any greater jurisdiction under section 46 of the lien law (Consol. Laws, c. 33). A careful examination of every case that I could find in which the jurisdiction of courts not of record to enforce a mechanic's lien has been considered demonstrated in my opinion that any other decision tends only to involve the courts in difficulties and contradictions. In Keavey v. De Rago, 20 Misc. Rep. 105, 45 N. Y. Supp. 77, the court reached the conclusion that, although the gist of an action against an owner is the fact that he owes a balance under his contract to the contractor, yet a subcontractor bringing an action against an owner need not under the statute allege in his complaint that there is

any balance owing. In Kotzen v. Nathanson, 33 Misc. Rep. 299, 68 N. Y. Supp. 497, the court decided that, while a court not of record has no jurisdiction to adjust the equities amongst different lienors, it has authority to declare the amount claimed by any lienor a valid lien against the owner, apparently leaving the unfortunate owner in the position that, though he concededly owes only one definite sum of money, he may be compelled to pay that sum to different claimants if they are successful in successive suits. Such considerations are cogent against a view that the Legislature could possibly have intended to pass a law giving such jurisdiction to the Municipal Court, and they seem to me controlling when the language of the Legislature must, in fact, be strained to show such an intent.

I therefore concur in affirmance only with great reluctance.

GIEGERICH, J., concurs on grounds stated by Justice LEHMAN.