NORTH SIDE HOISTING CO. v. SOUTHERN SURETY CO.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

1. APPEAL AND ERROR ⬳1232—UNDERTAKINGS ON APPEAL—MUNICIPAL COURTS—LIABILITY.

A surety company became surety on an undertaking on appeal from a judgment of the Municipal Court which provided that if the appeal were dismissed or judgment affirmed and execution returned unsatisfied, it would pay the judgment and interest thereon. The suit was to enforce a mechanic's lien. The court held the lien invalid, but rendered personal judgment. *Held* that, on affirmance, the surety was liable, liability being conditioned on affirmance, and not on sustaining the lien; the only judgment obtainable in a court not of record being a personal money judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4753–4757; Dec. Dig. ⬳1232.]

2. APPEAL AND ERROR ⬳1243—UNDERTAKINGS ON APPEAL—MUNICIPAL COURTS—LIABILITY—TIME TO SUE.

Code Civ. Proc. § 1309, provides that no action shall be commenced on an undertaking on appeal until 10 days have expired after service on the appellant's attorney and on the sureties of a written notice of the judgment on appeal. Municipal Court Act (Laws 1902, c. 580) § 314, provides for undertakings on appeal from the Municipal Court. Section 126 provides that no action on such an undertaking can be maintained until after return unsatisfied of an execution on the judgment. Section 20 provides that the provisions of the Code of Civil Procedure and rules of the Supreme Court shall apply to the Municipal Court except in case of conflict when the Municipal Court Act shall govern. *Held* that plaintiff could not maintain an action on an undertaking on appeal from the Municipal Court without complying with the provisions of Code Civ. Proc. § 1309; there being no conflict between it and the Municipal Court Act.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4796; Dec. Dig. ⬳1243.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the North Side Hoisting Company against the Southern Surety Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Paul Englander, of New York City, for appellant.

Davies & Bernstein, of New York City (Samuel S. Bernstein, of New York City, of counsel), for respondent.

WEEKS, J. This action is brought upon an undertaking given by the defendant upon an appeal taken from a judgment, entered in the Municipal Court, in an action in which this plaintiff was the plaintiff therein, and the United States Fidelity & Guaranty Company, Wendover Bronx Company, Abraham Silverson, and others, were defendants. The judgment was rendered in April, 1914, in an action brought to enforce a mechanic's lien against real property; the lien having been bonded. The undertaking sued upon was given for the purpose of staying the issuing of an execution, pending the hearing and determination of the appeal taken by the defendants to the Appellate Term. Upon appeal the judgment was modified by this court, by dismissing the complaint as to the United States Fidelity & Guaranty Company, as the proof showed that the notice of lien had not been verified, and directing a judgment for the sum of $250 against the defendants Wendover Bronx Company and Silverson.

The present appeal comes up upon an admitted statement of facts made in open court, judgment having been rendered in favor of the plaintiff. The defendant urges a reversal upon two grounds: (1) That the action having been brought to enforce a mechanic's lien, and the lien having been held invalid, the surety in the undertaking (this defendant) is discharged; and (2) that the plaintiff has failed to comply with section 1309 of the Code of Civil Procedure, in not having alleged and proven that 10 days' written notice of entry of a judgment or order affirming the order or judgment appealed from—that is to say, the earlier judgment of the Municipal Court—had been served prior to the commencement of the present action.

[1] It is true that the first action was brought in the Municipal Court to enforce a lien; nevertheless it was an action in which the right existed to recover a money judgment only in that court, and such a judgment was rendered. The bond given by defendant was the usual one given upon appeal, and contained no limitation that it should be regarded as security only in case a lien was established, but provided that:

"If the appeal is dismissed, or if the said judgment is affirmed by said appellate court, and an execution thereon is returned wholly or partly unsatisfied, it will pay the said judgment and interest thereon, or the portion thereof remaining unsatisfied and the costs of the said appeal."

While in form the action in the Municipal Court was to enforce a mechanic's lien, nevertheless the only judgment that can be obtained in an inferior court is a money judgment, to be enforced by execution authorizing a sale of the judgment debtor's interest in the prop-

erty at the time the lien was filed.  Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 171; Daxe v. Hajek, 56 Misc. Rep. 673, 107 N. Y. Supp. 601.  Although the prayer for relief in proceedings to enforce a mechanic's lien in a court not of record is equitable in its nature, it is to be considered as a demand for a personal judgment only.  Pearce v. Knapp, 71 Misc. Rep. 324, 127 N. Y. Supp. 1100.  The learned trial justice correctly states the situation in his opinion as follows:

"The judgment appealed from was one for a sum of money only against all the defendants.  Their liability was arrived at by establishing the validity of a lien, but the judgment was still one for a sum of money."

The appellant's first point is therefore not well taken.

[2] As to the second point, the court below held that the undertaking in question was given under section 314 of the Municipal Court Act, and that compliance with the provisions of section 1309 of the Code was not required.  In this I think that the court below was in error.  Section 314 of the Municipal Court Act provides for the giving of an undertaking upon appeal, and section 126 of that act provides that no action shall be commenced upon such an undertaking until the return of an execution unsatisfied in whole or in part.  This action was tried when those sections of the Municipal Court Act were in force.  The provision contained in section 1309 of the Code, that an action shall not be commenced upon an undertaking given upon an appeal taken as prescribed in titles 3, 4, and 5 of chapter 12, of which chapter title 3 governs appeals from an inferior court to the Supreme Court, until 10 days after the service upon the attorney for the appellant of a written notice of the entry of a judgment or order affirming the order appealed from, is not in conflict with the provisions of sections 314 and 126 of the Municipal Court Act, but is made applicable to the Municipal Court by the omnibus provisions of section 20 of that act.  This court held in Monarch Mining Co. v. Laughlin (Sup.) 146 N. Y. Supp. 1068, that a complaint which did not allege compliance with section 1309 of the Code was defective.  The judgment should therefore be reversed.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.  All concur.