CHARLES H. KELLY, Appellant, *v.* JOSEPH B. BLOOMINGDALE
et al., Appellants, et al., Respondents.

By the terms of a contract for the erection of certain buildings it was
agreed that twenty per cent of the contract price should be retained
"until the final completion of the contract." The contractor failed to
perform and abandoned the work. At that time there was nothing
unpaid for the work done, except the twenty per cent retained. Two
days thereafter plaintiff filed a notice of lien for materials furnished
the contractor. The owners subsequently completed the work at a
cost greater than the contract price. In an action to foreclose such lien,
*held,* that at the time of filing the lien nothing was due to which the
lien would attach; that as the work was never completed by the con-
tractor the twenty per cent retained never became due to him, and his
sub-contractors have no other or different claim to it than he would have.
Prior to the abandonment another lien was filed for materials furnished
the contractor; at that time there was more than the amount of the
lien due him. Two days after, the owners, with knowledge of the
lienor's claim, and that a notice of lien was to be filed, but before
a copy of the notice had been served upon them, paid the amount
due to the contractors. By the terms of the contract they were not
bound to make any payment until satisfied, if required, that material
men had been paid. *Held,* that the lien attached; that the rights of the
claimant, as against the owners of the property, became final upon filing
the notice; that the owners were not protected in the payment made by the
provisions of the Lien Law (§ 4, chap. 342, Laws of 1885), providing for
service of a copy of the notice, which declares that "after such service such
owner or the person in interest shall not be protected in any payment to
sub-contractors or other claimant."

(Argued June 22, 1893; decided October 3, 1893.)

APPEALS from judgment of the General Term of the
Supreme Court in the second judicial department, entered
upon an order made May 9, 1892, which affirmed a judg-
ment foreclosing certain mechanics' liens entered upon the
report of a referee.

This action was brought for the foreclosure of two mechan-
ics' liens.

The facts, so far as material, are stated in the opinion.

*Otto Horwitz* for defendants Bloomingdale, appellants. The defendants Bloomingdale had a right to make the payment of $2,630 on July 21, 1890, and were protected in making it, and the referee erred in refusing so to find as requested. (Laws of 1885, chap. 342, § 4; *Dugan* v. *Brophy,* 55 How. Pr. 124; *McCorkle* v. *Herrman,* 117 N. Y. 303; *Stevens* v. *Ogden,* 130 id. 182; *Mushlitt* v. *Silverman,* 50 id. 360; *Benton* v. *Wickwire,* 54 id. 226; *McMillian* v. *S. L. G. Co.,* 5 Hun, 13·; *Kenny* v. *Apgar,* 93 N. Y. 541; *Grant* v. *Vandercook,* 57 Barb. 165.) The referee did not err in his conclusion that the liens of the plaintiff ought to be canceled and discharged of record. (*Stevens* v. *Reynolds,* 54 Hun, 419; *Munger* v. *Curtis,* 42 id. 466, 468; *Lauer* v. *Dunn,* 115 N. Y. 408; *McCorkle* v. *Herrman,* 117 id. 304.) The owner cannot be compelled to pay any greater sum than by his contract he has agreed to pay, and the referee erred in applying, as he did, the sums earned by the contractor subsequent to July eighteenth, and thereby making the owners pay a greater sum than the original contract prices. (Laws of 1888, chap. 316, § 1; *Crane* v. *Genin,* 60 N. Y. 131; *Larkin* v. *McMullin,* 120 id. 206; *Lauer* v. *Dunn,* 115 id. 488; *Van Clief* v. *Van Vechten,* 130 id. 571.)

*Matthew L. Harney* for Kelly, appellant. It was the agent's and architect's duty on receipt of the letter of July 17, 1890, of defendants Bloomingdale, not only to inquire of defendants Lawrence the amount due them, but ascertain from said contractor, and from the sub-contractor furnishing materials and labor, what amounts were due them by said contractor, it being the intention of the owners Bloomingdale to pay the amounts so found due out of the subsequent payment to be certified by said architect as due by them to said contractor. ·He did not follow their instructions, and they are liable for his failure to follow said instructions. (*Schmaltz* v. *Mead,* 4 N. Y. Supp. 614; *Otis* v. *Dodd,* 90 N. Y. 336; *Cheney* v. *Troy Hospital,* 65 id. 282.) The referee found that the twenty per cent of the payments certified as due the

contractor, amounting to over $1,400, which was to be retained until the final completion of the contract, remained in their hands on the 6th day of August, 1890, at the time the contractor abandoned said work. He erred in finding that this amount should be considered as a valid payment by said owners to said contractor. (*Post* v. *Campbell*, 83 N. Y. 279; *Gibson* v. *Lenane*, 94 id. 183; *Morgan* v. *Stevens*, 6 Abb. [N. C.] 356; *Payne* v. *Wilson*, 74 N. Y. 348.) The referee erred in not allowing the value ($125) of the lumber, shingles and mouldings which were left on the premises and subsequently used, as well as ($150) extra work done by the contractors before abandonment. (*Crane* v. *Genin*, 60 N. Y. 127; *Hookman* v. *Pinkney*, 81 id. 211.)

*James W. Hunt* for respondents. The decision of the referee in directing foreclosure of the liens filed by the defendants Lawrence under date of July 18, 1890, is correct. (Laws of 1885, chap. 342, §§ 1, 2, 5; *McCorkle* v. *Herrman*, 117 N. Y. 297; *Hall* v. *Sheenan*, 69 id. 618; *Kenny* v. *Apgar*, 93 id. 539.) The decision of the referee, in so far as it directs judgment of foreclosure in favor of the defendants Lawrence to the extent of $215.74 upon the lien of July 29, 1890, is correct. (*Wright* v. *Roberts*, 43 Hun, 413; 118 N. Y. 672; *Forshay* v. *Robinson*, 16 N. Y. Supp. 817; *Crane* v. *Genin*, 60 N. Y. 127; *Paine* v. *Wilson*, 74 id. 348; *Gibson* v. *Lenane*, 94 id. 183; *Post* v. *Campbell*, 83 id. 279.)

O'BRIEN, J. The plaintiff is the assignee of the claim and lien of a mechanic who performed work and furnished material, under an agreement with a general contractor, in plumbing and furnishing the gas fixtures in two houses which the contractor agreed to build and complete for the owners, the two Bloomingdales respectively. The owners and other mechanics or material men, who had also filed liens, were made defendants, and answered setting up defenses against the plaintiff's lien which he sought to foreclose in the action. The referee dismissed the complaint, and reported with respect to

the other liens, sustaining them against the plaintiff and the owners. The judgment entered upon the report having been affirmed at the General Term, the plaintiff and the owners, the Bloomingdales, appeal to this court. The latter owned land as tenants in common, and on the 18th of March, 1890, the contractor agreed with each of them separately to build two houses on the land. The contract price with Joseph B. Bloomingdale was $11,460, and with his brother Lyman G. $13,700. The houses were to be built and completed on or before October 1 thereafter, but the contractor failed to perform, and abandoned the work about August 6, 1890, and the owners were compelled to complete them themselves, at a cost greater than the price stipulated in the contract. It was stipulated between the owners and contractors that payments should become due and payable "from thirty days in such sum as shall be certified by the architect, but twenty per cent shall be retained until the final completion of the contract;" also, that in all matters relating to the contract the architect should be deemed to be the agent of the owners. The plaintiff's assignor performed work and furnished materials on one of the houses amounting to $710.79, and on the other to the amount of $907.04. He filed a notice of lien for these amounts on the 8th of August, 1890. The plaintiff's appeal raises the question, whether at that date there was anything due to the contractor under the contract, not absorbed by prior liens, to which his lien could attach. The main contention on the part of the plaintiff, and the only one necessary to notice, is, that when his lien was filed, twenty per cent of the cost or value of the work done and materials furnished, up to that time, remained unpaid by the owners, and that as they have had the benefit of this work and material, a lien was impressed upon that sum, amounting to about $1,400, in favor of the plaintiff. This proposition cannot be sustained. The twenty per cent was, by the contract which the owners made with the contractor, to be retained by them till the final completion of the contract. It never was completed, and, hence, this part of the price never became due to the contractor, and his sub-

contractors have no other or different claim to it than he would have. It was retained in order to secure the owners from loss by the contractor's default, and the right to demand it by any one depended upon the substantial performance of the contract, a condition which was never fulfilled. Even with this sum retained, the owners still were at a loss on account of the default, as they paid in all a sum greater than the price agreed upon. Under such circumstances, there is nothing in the statute, or any rule of equity, that will compel the owners to pay the plaintiff's claim.

This is the only question presented by the plaintiff's appeal that requires discussion, and as, at the time the notice was filed, there was nothing due to the contractor upon the contract, and nothing became due or payable to him subsequently, no lien was acquired. (*Larkin* v. *McMullin*, 120 N. Y. 206; *Clief* v. *Van Vechten*, 130 id. 571; *Lauer* v. *Dunn*, 115 id. 405.)

The other question in the case arises between the defendants, and is presented by the owners' appeal from that part of the decision which upholds the lien and claim of the defendant Lawrence, who furnished the lumber used by the contractor before he abandoned the work. The facts out of which this part of the controversy arises are these : On July 16, 1890, there was due to Lawrence about $1,900 for lumber ordered by the contractor, and notice of lien therefor was filed July 19. About $500 more lumber was subsequently furnished, for which liens were filed July 27. On the 21st of July the owners paid to the contractor $2,600 upon the certificates of the architect, in pursuance of the contract, showing that such sums were due, bearing date July 18, and stating upon their face that a notice of the Lawrence claim for lumber had been filed. The architect, who by the terms of the contract was the agent of the owners, had been shown copies of the notices of lien before he made the certificates, though they were not actually filed until the next day. The owners also had actual personal knowledge of the claim before they made the payment. Under a provision of the contract the

owners were not bound to make any payment to the contractor until he satisfied them, if required, that material men and sub-contractors had been paid. We will not stop to inquire what equities arose upon these facts between the material men and the owners independent of any statute.

The question is, whether the payment by the owner to the contractor with full knowledge of the claim, and after notice of lien therefor had been filed, is operative under the statute against the lien of the material man. The owners claim that it is, and this contention rests solely upon the words of the last clause of section four of the act. After providing for service of a copy of the notice upon the owner within ten days after filing, the section concludes in these words : "And after such service, such owner or the person in interest shall not be protected in any payment made to a sub-contractor or other claimant." The notice was served upon the owners within ten days after filing, but not until after the payment to the contractor.

Notwithstanding this language, it is apparent from the whole statute that the lien attaches, and the rights of the claimant as against the owner and the property become fixed upon filing the notice, and so it has been held by this court. (*McCorkle* v. *Herrman*, 117 N. Y. 303 ; *Kenney* v. *Apgar*, 93 id. 541 ; *Hall* v. *Sheehan*, 69 id. 618.)

We are required to give to this statute a liberal construction, but to hold that, after the notice is actually filed, the owner is still at liberty to make payments the same as before in disregard of it, because he had not been actually served with the copy provided for, would be to defeat in many cases its beneficial purposes. Whatever may have been intended by the language quoted, it is certain that it does not in words or by any fair implication protect the owner who pays *before* the notice is served and after it is filed. The meaning of the statute is to be ascertained, not from a single expression, but from all of its provisions as well as the general scope and purpose in view.

Moreover, it should be noted that although the copy of the

notice had not been served when the payment was made, yet the owners had in another way not only constructive notice of the lien, but actual notice of the claim, and the fact that the notice was to be immediately filed. There was, we think, no error in the disposition made of the case below, and the judgment should be affirmed, with costs, in this court to the owners against the plaintiff, and to the defendants Lawrence, against the owners.

All concur.

Judgment affirmed.