## SIOUX FALLS PRESSED BRICK CO. et al. v. BOARD OF EDUCATION OF SIOUX FALLS.

An assignment of error not discussed by appellant will be considered abandoned.

Code Civ. Proc. § 713, gives a lien for any work or material for a county, municipal, or school corporation upon all money in the control of such corporation due or to become due. Section 714

provides that such lien shall be filed within 20 days after the labor has been performed or the material furnished, but that failure to do so shall not defeat the lien upon the amount remaining due the contractor at the time of filing.   A school building contract provided for semimonthly estimates of the value of the material and labor and  ○  the material delivered, and that 80 per cent. of such estimate should be paid to the contractor, but that 20 per cent. should be retained by the school corporation until the completion of the building and until all claims had been discharged.   The contractor agreed to save the corporation from subcontractors' liens, and authorized it, on his failure so to do, to complete the building,·deducting from the balance due him the cost thereof.   Before the building was finished, the contractor failed in his contract, and in completing the building the corporation expended more than the excess of the contract price over what had been paid the contractor.   **Held,** that subcontractors' liens not filed within the 20-day limitation, though before payment by the corporation of the amount retained under the 20 per cent. provision to any one, did not attach to such fund, and that the corporation was not bound to satisfy such liens regardless of the cost of completing the building.

The burden is on a subcontractor to prove his right to recover, and, it having been shown that nothing was due the contractor when he ceased work under his contract, the subcontractor is bound to show that some time thereafter, and while his lien was on file, something became due the contractor.

(Opinion filed, Feb. 16, 1910.)

Appeal from Circuit Court, Minnehaha County.   Hon. JOSEPH W. JONES, Judge.

Consolidated action by the Sioux Falls Pressed Brick Company and others against the Board of Education of Sioux Falls. impleaded.   From a judgment for the Board and an order denying a new trial, plaintiffs appeal.   Affirmed.

*Keith & Keith, William G. Porter, A. Brady Beck,* and *Muller & Conway,* for appellants.

Article 2 of the Code of Civil Procedure relating to subcontractors and laborers upon public improvements provides, that every person who shall perform any labor or furnish any material for the construction or repair of any work * * * for any public school corporation in this state to any person who shall have made any contract for such work with such corporation upon complying with the provisions of this article shall have for the labor done or material furnished a lien upon all moneys in

the control of such corporation, due or to become due under such contract, and every person wishing to avail himself of the provisions of this article shall within twenty days after the material furnished by him shall have been furnished, or work done by him shall have been performed, file with the officer of such corporation, etc. But failure to file the same within the time aforesaid shall not defeat the lien upon the money remaining due the contractor at the time of the filing. Under section 713 supra, the furnishing of the material, and performance of labor, gives the lien, and the lien attaches by reason of the furnishing of said material and the performance of the labor, and the lien attached as soon as the material was furnished. The lien cannot be defeated by any act of the contractor, or by his failure to complete the contract. The lien is absolute and must be construed as the Legislature evidently intended that it snould to assign to these claimants enough ot the fund to pay their claims. Albright et al. v. Smith et al., 2 S. D. 577. The lien does not depend upon the condition of the contract between the owner of the building and the original contractor. Albright et al v. Smith et al., supra. Failure of the principal contractor to complete his contract, does not of itself defeat the right of the subcontractor, workmen or materialmen to a lien. 27th Cyc. 1000: Seaman v. Beeman, 84 N. W. 490; Whittier v. Blakley, 13 Ore. 546: Cook v. Murphy, 24 Atl. 630; Pierce v. Cabot, 34 N. E. 362; Bates v. Masonic Hall, 28 N. Y. Supp. 951; Mull v. Jones, 18 N. W. Supp. 351; Longworthy Lumber Co. v. Hunt, 122 N W. 865.

*Aikens* & *Judge,* for respondent.

Section 713 provides that any person furnishing material for the construction of any work or for any public school corporation shall have a lien "upon all moneys in the control of such corporation *due or to became due under such contract."* Section 714 requires the lien to be filed within twenty days after the furnishing of the material, but provides that "the failure to file the same within the time aforesaid shall not defeat the lien upon the amount *remaining due to the contractor* at the time of filing." Section 716 authorizes the bringing of actions to enforce the liens

and contains the following provisions: "The court shall determine the validity of all liens filed, the amount due upon each, *the amount due to the contractor and if the amount due to the contractor be sufficient,* shall order the corporation to pay the amounts of all liens adjudged valid to the persons entitled to the same and the costs of the action and the residue, if any, to the contractor. *If the amount due the contractor shall not be sufficient* to pay all liens in full the court shall order and direct the payment of the same after deducting the costs of the action, to the persons whose liens are adjudged valid rateably in proportion to the amounts of their several claims. * * * *The corporation shall not be liable in any event for more than the amount due to the contractor under the provisions of this article nor for any costs of the action.*" These statutory provisions are so plain that one need not look beyond them in order to readily determine the rights of the parties thereto. All moneys ever due the contractors were paid before any lien was filed. Upon their satisfactory completion of the building they were to receive the twenty per cent. and in no other event. They abandoned the contract and the Board of Education completed it. The only amount to which a lien could attach would have been the balance, if any, of the contract price remaining in the hands of the Board of Education after completion of the building. Ogden v. Alexander, 140 N. Y. 356; Kelley v. Bloomingdale, 139 N. Y. 343; Epeneter v. Montgomery Co. et al., 67. N. W. 93; Brainard v. County of Kings, 155 N. Y., 538; Van Clief et al. Van Vechten, 130 Id. 571, 27 Cyc. pp. 101-104.

WHITING, P. J. The defendant board of education is a public school corporation. It contracted with its codefendant, J. J. Olsen & Son, for the erection of a school building. Olsen & Son entered upon the contract, and, when the building was partly completed, they failed in their contract, and the building was completed by the school corporation. Plaintiffs are all subcontractors who furnished to Olsen & Son material for such building. Plaintiffs each brought an action against the above-named defendants, naming as codefendants the other parties now joined

as plaintiffs and appellants; such plaintiffs claiming that under the laws of this state both the school corporation and the contractors were liable to them for the amount unpaid them for material so furnished the contractors. The said several actions were consolidated by uniting the subcontractors as plaintiffs. The cause was tried to the court without a jury. Findings and conclusions were made in favor of the defendant corporation and judgment entered thereon. A motion for new trial having been denied, the plaintiffs have appealed to this court from such judgment and from the order denying a new trial.

There are several assignments of error in the record herein that are not discussed by appellants and may be considered as abandoned. The main question involved is one of interpretation of a certain statute in connection with the terms of the contract that existed between the school corporation and the contractors, and, in the view which we take as to the proper construction of such statute and contract, all other questions covered by the assignments of error become immaterial.

It will be unnecessary to set out such contract in full; the material provisions being as follows: The contract price for erection of building was $66,475, and changes were agreed to increasing this to $69,210.52. After work commenced on the building, the supervising architect, twice a month, was to make an estimate as to the value of the material and labor which shall actually have entered into the construction of said building and the materials which shall have been delivered upon the grounds since the last preceding estimate. Such material so delivered became the property of the school corporation. After an estimate was so made by the architect, the corporation, upon demand of the contractor, was to pay such contractor 80 per cent. of such estimate. "The balance of twenty per cent. shall be retained by the said second party [corporation] and shall be paid after the full and satisfactory completion of said building and after all claims for labor or materials furnished in, upon or for said work shall have been discharged and released." The contract had the usual provisions whereby the contractor agreed to save the corporation from any liens of subcontractors, and also contained a provision

under  which the corporation, in case of failure on part of the contractors, could go on and complete the building, deducting, from what would otherwise come to the contractors under the contract, the cost of so finishing the building; the contractors being being liable, for any excess of such cost of completing building over what remained unpaid to contractors on contract price.

Estimates were made from time to time by the architect and the 80 per cent. thereof paid the contractors; the amount of such estimates reserved under the 20 per cent, provision being over $11,000, which is more than the aggregate of the several plaintiffs' claims. This was the situation when the contractors failed in their contract and the work was taken up by the corporation. The several appellants proceeded to file liens under the provisions of article 2, c. 31, Rev. Code Civ. Proc. being sections 713 to 721 of such Code. Section 713 of such Code is as follows: "Every person who shall perform any labor or furnish any material for the construction or repair of any work for any county or municipal or public school corporation in this state to any person who shall have made any contract for such work with such corporation, upon complying with the provisions of this article shall have for his labor done or material furnished a lien upon all moneys in the control of such corporation due or to become due under such contract." Section 714 provides that such lien shall be filed within 20 days after labor performed or material furnished, but that failure to file within such time "shall not defeat the lien upon the amount remaining due to the contractor at the time of filing." The several plaintiffs failed to file within the 20-day period, but did file their liens before, the payment of the above $11,000 to any one. In completing the building the corporation expended much more than the excess of the contract price over what had been paid the contractors.

It is the contention of the appellants that their liens attached to the said $11,000 fund it being the 20 per cent. reserved from such estimates, and that such liens were superior to any rights of the corporation in such fund, and that the corporation must satisfy such liens regardless of the cost of completing the building. The appellants have cited several au-

thorities and have argued at length in support of their claim, but their authorities are not in point, and their reasoning seems to us unsound. A consideration of the statutes shows clearly that the rights of the subcontractors thereunder are subject to the rights of the contractors under their contract and can be no greater or different with the following exception: During the 20 days after material is furnished by the subcontractor, the corporation would pay over money to the contractors at the corporation's risk because, if, within such 20 days, the subcontractor files his lien, it is good against the corporation to the extent of any moneys that have become due the contractors at any time after the material was furnished. If the lien is filed after the 20 days, it is then good against any sum then due or that thereafter becomes due the contractors. The sole question then is: After these liens were filed, was there ever any sum due the contractors? There certainly was not. The provisions for estimates and payment of 80 per cent. merely provided a basis upon which an amount could be determined, which amount should then become due and payable on demand, which amount was the 80 per cent., the other 20 per cent. by the specific terms of the contract not being due until the building was finished, and then due only in case the contractors had fully complied with their contract, or, if the corporation was compelled to complete the building, in case the whole of such 20 per cent. was not used in such completion. The corporation had a right to protect itself, not only against loss through the failure of the contractors to complete the contract, which failure would naturally result in extra cost in such completion, but the corporation would have shown itself negligent, if it had not protected itself against a too low bid. If the bid was too low, and yet the full amount of each estimate was due when estimate was made, then, before the building was fully constructed, the whole contract price would have become due. The fixing the amount due at 80 per cent. was at least a partial protection against such a contingency. The case is entirely different from some of those cited by appellants wherein, at different stages of the work, certain parts of the whole contract price became due and payable. In those cases no sum out of such parts could be held back from

the contractor any more than could any part of the 80 per cent. of the estimates in case at bar, because the whole of such part would be due and subject to suit, instead of only 80 per cent. thereof, as in this case.

We have examined carefully the authorities' cited by appellants, and find nothing in any of them to support appellants' contention, while some of them support respondent. Our statute clearly comes under what is known as the "New York system," and a very clear statement of the law thereunder is to be found in 27 Cyc. pp. 101 to 104. The case of Kelly v. Bloomingdale, 139 N. Y. 343, 34 N. E. 919, is directly in point, as the facts were practically identical with those in case at bar. The court in that case said: "He filed a notice of lien for these amounts on the 8th of August, 1890. The plaintiff's appeal raises the question whether at that date there was anything due to the contractor under the conract, not absorbed by prior liens, to which lien could attach. The main contention on the part of the plaintiff, and the only one necessary to notice, is that, when his lien was filed, 20 per cent. of the cost or value of the work done, and materials furnished, up to that time, remained unpaid by the owners, and that, as they have had the benefit of this work and material, a lien was impressed upon that sum, amounting to about $1,400, in favor of the plaintiff. This proposition cannot be sustained. The 20 per cent. was, by the contract which the owners made with the contractor, to be retained by them till the final completion of the contract. It never was completed, and hence this part of the price never became due to the contractor, and his subcontractors have no other or different claim to it than he would have. It was retained in order to secure the owners from loss by the contractor's default, and the right to demand it by any one depended upon the substantial performance of the contract—a condition which was never fulfilled. Even with this sum retained, the owners still were at a loss on account of the default, as they paid in all a sum greater than the price agreed upon. Under such circumstances, there is nothing in the statute, or any rule of equity, that will compel the owners to pay the plaintiff's claim." We would also cite in full support of re-

spondent the following: Epeneter v. Montgomery County et al., 98 Iowa, 159, 67 N. W. 93; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017.

What we have said above is perhaps sufficient to dispose of this cause; but appellants have urged that, inasmuch as respondent is shown to have not paid to the contractors the full contract price, and the building is shown to have been completed, the burden was on the respondent to show that it lawfully expended enough in completing the building so that no part of the contract price would be due the contractors. We think the evidence sufficient to show such expenditure on the part of respondent. Moreover, the burden was on the appellants to prove their right to recover, and, it having been proven that nothing was due the contractors when they ceased work under their contract, appellants were bound, in order to recover, to show that at some time thereafter, and while their liens were on file, there became some sum due to the contractors. Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263.

The judgment of the trial court and order denying a new trial are affirmed.