WILLIAM D. BOYCE (Virginia Lee Boyce, Intervenor), Respondents, v. MARY J. BOYCE, Appellant.

(139 N. W. 339.)

1.  **Divorce—Setting Aside Decree—Motion, Grounds for—Review—Irrelevant Brief—Assignments of Error.**

    Defendant and appellant, more than two years after entry of a decree of divorce against her, moved the trial court to set aside the decree on the ground that neither plaintiff nor defendant was a resident of this state when the action was commenced or prior to granting the decree. **Held,** an order deny-

ing the motion cannot be reversed on appeal, on ground that there was no evidence of plaintiff's residence in the state for six months before suit brought; that there was no testimony corroborating plaintiff on that point, and that the attorney purporting to represent defendant was not authorized to do so, nor to stipulate on her behalf; and that the court had no jurisdiction to hear evidence and render decree in absence of defendant and without notice of trial; said grounds, presented in the assignments of error, not having been presented to court below on said motion, and appellant's brief failing to discuss the questions involved in the assignments of error.

2. **Appeal—Waiver of Error—Irrelevant Brief—Abandonment of Issues.**

Where defendant attempts to have a decree of divorce set aside on the sole ground that, as matter of fact, neither party was a resident of the state, and the only issues raised in brief and oral argument on appeal from a refusal to set aside the decree were that plaintiff had failed to establish on trial the fact of his residence, defendant will be held to have abandoned the question presented to the trial court, to-wit, that of residence of the plaintiff; and the order appealed from is affirmed.

McCOY, P. J., concurring specially.

(Opinion filed January 6, 1913.)

Appeal from Circuit Court, Campbell County. Hon. Joseph H. Bottum, Judge.

Action by William D. Boyce against Mary J. Boyce, for a divorce. Decree for plaintiff. Subsequently defendant obtained an order to show cause why the decree should not be set aside, pending the hearing upon which Viriginia Lee Boyce intervened. Motion denied, and defendant appeals. Affirmed.

*Chas. N. Harris, Frank Turner, and Clarence O. Newcomb, (E. C. Swift, of counsel), for Appellant.*

The brief on behalf of appellant does not seem to discuss any points other than those *held* by the Court to be irrelevant under the record as a whole.

There was no appearance on behalf of plaintiff and respondent, William D. Boyce.

*M. Moriarty,* for Intervenor-Respondent, Virginia Lee Boyce.

Assignment of error No. 4 seeks to question the authority of H. R. Behrndt to appear on behalf of the defendant. No such point was raised on the motion to vacate the judgment, no allega-

tion to this effect appearing either in the original affidavit or the amended affidavit upon which the motion was based. Therefore, this question is not before this court for review at this time.

WHITING, J. Plaintiff obtained in this action a decree of absolute divorce. This decree recited: "Plaintiff is now and has been a resident of the state of South Dakota for more than six months prior to the commencement of this action.". Something over two years after the entry of the decree the defendant applied to the trial court and procured an order to show cause, requiring plaintiff to show cause "why an order should not be made * * * vacating and setting aside the judgment and decree. * * *" Such order to show cause was issued upon an affidavit setting forth "that neither the plaintiff nor defendant was, at any time previous to the commencing of said action or the determination thereof, a resident or inhabitant of Campbell county, * * * state of South Dakota, and that said court had no jurisdiction to try said action for divorce, or to enter any judgment therein." Campbell was the county wherein said action was brought and tried. Pending the hearing upon the order to show cause, one Virginia Lee Boyce was allowed to intervene herein; it appearing that after the entering of the decree of divorce, and in reliance thereupon, she had married the plaintiff, and that she had since given birth to a child, the issue of such marriage. Defendant was allowed to amend the affidavit upon which the order to show cause was based; such amended affidavit stating that neither plaintiff nor defendant was a resident of this *state* prior to the bringing of the action, or at the date of the determination thereof.

Upon the hearing of the order to show cause the defendant offered, and there was received in evidence, a purported transcript of the evidence received upon the original trial, as well as numerous depositions. All of these depositions tended to support the claim that neither party was a resident of this state at any time prior to the entry of the decree. The order to show cause was heard before the successor of the judge who granted the decree, and the court made an order, which, exclusive of title and venue, was in words and figures as follows: "The above-entitled matter coming on to be heard * * * upon the order to show cause herein. * * * and the plaintiff having filed his objections to the hearing of said order, on the ground that the judgment in said

action has been entered more than two years prior to. the date of the application for the order to show cause, and had been entered * * * upon complaint and answer in said action and upon proofs submitted, and no notice of intention to move for a new trial having been given, no motion for new trial having been made, and no appeal having been taken from said judgment, the court is without jurisdiction to re-examine the same upon the issues as framed, or upon the issuance (issues) as presented in the application, and that the order to show cause had not been personally served upon the plaintiff; and also objected to the introduction and reading of any depositions on the part of the defendant, and the court having heard the affidavits and depositions and argument of counsel, and having taken said matter under consideration and advisement, and Virginia Lee Boyce having appeared in said court, by leave of court, and filed her affidavit resisting the defendant's application, and it appearing that said plaintiff and said Virginia Lee Boyce, after the granting of the decree of divorce herein, intermarried and are now husband and wife, and there is one child the issue of said marriage, and that at the time of said marriage both plaintiff and said Virginia Lee Boyce relied upon the validity of said decree of divorce, and the defendant had full knowledge thereof for more than two years prior to this application, and now the court being fully advised in the premises, it is * * * ordered and adjudged that the order to show cause herein issued * * * be discharged, vacated, and set aside, and the plaintiff allowed to go hence without further day in court, and the relief prayed for by the defendant in said order to show cause, be denied, and that the decree of divorce rendered in the above-entitled action, in August, 1908, be confirmed."

From this order the defendant presents this appeal, and assigns as reasons why the court erred in refusing to vacate the decree: (1) "That the court had no jurisdiction to render said decree;" (2) "that there was no evidence to sustain the court's finding that the plaintiff was a resident in South Dakota, in good faith, for six months prior to the commencement of the above-entitled action, and the court therefore did not obtain jurisdiction of the subject-matter of said action, and did not have jurisdiction to render the decree therein;" (3) "that the court did not have jurisdiction of the subject-matter in said action, for the reason

that there is no evidence that the plaintiff was a resident, in good faith, in the state of South Dakota for six months prior to the commencement of his said action, and there is no testimony whatever corroborating the testimony of the plaintiff upon this point;" (4) because a certain attorney who purported to represent defendant before decree was never authorized so to do, and not authorized to enter into the stipulation entered into by him; and that the court had no jurisdiction to hear the evidence and render decree in absence of defendant and without notice of trial.

[1, 2] There is no proposition more firmly settled by the decisions of this and all other appellate courts than that an appellate court cannot be rightfully asked to reverse the ruling of the lower court upon some ground other than that brought before and considered by such lower court. What was the ground upon which appellant sought to have the trial court vacate its decree? Not because of any lack of authorized appearance on the part of counsel; not because of her absence at time of trial; not because there had been no proper notice of trial; not because, upon the trial, there had been received no evidence of plaintiff's residence in this state. Neither the affidavits upon which the order to show cause were based, nor the order to show cause itself, nor the order refusing to vacate the decree, suggests that any such questions were urged. The sole ground upon which the court was asked to vacate such decree was because, as a matter of fact, without any reference to what the evidence at the trial showed, the parties to this action were neither of them residents of this state prior to the granting of said decree. This was the issue of fact presented to the trial court, and upon the same it received a large amount of proof, none of which would be in any wise material to the questions sought to be raised by the above assignments. If any of the questions raised by these assignments had been before the trial court, it might well be that the issues of fact involved therein could have been fully met by competent proof; but until such issues were raised neither plaintiff nor intervener was in any manner called upon to offer evidence in relation thereto. To illustrate: The chief contention of appellant, as shown by her brief, is that there was no evidence received by the trial court that supported the finding of plaintiff's residence in this state. If the entire lack or the insufficiency of such evidence had been the

issue before the trial court, plaintiff and intervener would have had the right to prove—and, for all this court knows, either one could have proven—that there was evidence received before the trial court other than that appearing in the transcript. We would note in passing that the certificate of the stenographer in no manner shows that the transcript contains all the evidence. No bill of exceptions or statement of the case was ever settled, and there is nothing to show but that the trial court received evidence other than such as appears in the transcript.

Even if there can be found sufficient in the assignments which might have presented to us the sole question that was before the trial court, we cannot consider such question, as it has been entirely abandoned by appellant both upon argument and in her brief submitted. In her brief she claims that she procured the order·to show cause "on the ground that the plaintiff *had failed to establish* on the trial *the fact that he was a resident. * * *"* As the record shows, this statement of the grounds upon which the order was issued is incorrect. Appellant also states in her brief: "The depositions and affidavits offered at the hearing on the motion to set aside this decree are not introduced for the purpose of retrying the question of residence." They could have been received for no other purpose on the issue raised, and this court must presume they were received for that purpose.

The appellant having abandoned the sole question presented to the trial court, the order of such court is affirmed.

McCOY, P. J. I concur in the foregoing opinion on the sole ground that defendant has abandoned, by her printed brief, the only effectual assignment of error contained in the record. The entire printed brief discusses questions not before the lower court on the motion to vacate. Whether there was sufficient prima facie true evidence before the court that granted the decree was wholly immaterial and foreign to the issues presented on the motion to vacate the decree. Assignments of error not discussed or mentioned in the printed brief are deemed abandoned, and will not be considered on appeal. Johnson v. Knappe, 24 S. D. 407, 123 N. W. 857; Gibson v. Smith, 24 S. D. 514, 124 N. W. 733; Sioux Falls Brick Co. v. Board of Ed., 25 S. D. 36, 125 N. W. 291; Olson v. Rydl, 25 S. D. 268, 126 N. W. 587.